UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS (#130215)

VERSUS                                              CIVIL ACTION

DANIEL DAVIS, ET AL                                 NUMBER 11-700-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 2, 2012.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS (#130215)

VERSUS                                                  CIVIL ACTION

DANIEL DAVIS, ET AL                                     NUMBER 11-700-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are the following motions:

1. Motion for Partial Summary Judgment For Failure to Exhaust Administrative Remedies.  Record document number 8.

2. Motion for Partial Summary Judgment on Plaintiff's "Amended Tort Pursuant to 42 U.S.C. § 1983."  Record document number 15.

The motions for summary judgment are opposed.[1]

For the reasons which follow, the defendants' motions should be granted.

**I. Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Daniel Davis, Capt. John Sanders, Sgt. Edward Mayhall and Dr. Tobe Momah[2].  Plaintiff alleged that he was subjected to an excessive use of force and was denied adequate

---

[1] Record document numbers 17 and 19, respectively.

[2] Defendant was identified as Dr. Momah Tobe in the complaint.

medical treatment in violation of his constitutional rights. Specifically, the plaintiff alleged that on August 21, 2011, Maj. Davis and Capt. Sanders asked him how long another inmate had been sitting at a card table with the plaintiff. Plaintiff alleged that he responded that the officers should ask another corrections officer sitting nearby. Plaintiff alleged that the officers were displeased with his response, placed him in handcuffs and escorted him to a shower cell where he was ordered to disrobe. Plaintiff alleged that he advised the officers that he suffers from asthma and has a permanent medical duty status prohibiting his exposure to chemicals. Plaintiff alleged that Capt. Sanders told him he did not care and then sprayed the plaintiff with a chemical agent. Plaintiff alleged that Capt. Sanders then threw a bucket of hot water on the plaintiff and sprayed him a second time with the chemical agent.

Plaintiff alleged that he was handcuffed behind his back and then Capt. Sanders and Maj. Davis beat him with their fists. Plaintiff alleged that he was then removed from the shower cell and while being dragged down the tier he was rammed into an operating fan and a cell door. Plaintiff alleged that he was pushed into a cell where Capt. Sanders, Maj. Davis and Sgt. Mayhall kicked, beat and punched him.

Plaintiff alleged that he was transported to the treatment center where an IV was inserted, he was given two breathing

2

treatments and his injuries were photographed.  Plaintiff alleged that Dr. Momah failed to prescribe pain medication or a salve for his chemical burns.

Plaintiff alleged that he filed an administrative grievance which was rejected by prison officials.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavit of Rhonda Weldon and the results of Administrative Remedy Procedure (ARP) number LSP-2011-2363.[3]

Plaintiff opposed these defendants' motion relying on a copy of the ARP LSP-2011-2363.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).

### B. Failure to Exhaust Administrative Remedies

Defendants argued in their separate motions for summary judgment that the plaintiff failed to exhaust available

---

[3] Defendants' motions for summary judgment make the same legal argument and rely on the same evidence.  The second motion was filed in response to the plaintiff's amended complaint.

administrative remedies before filing suit regarding the claims raised in the complaint against each of them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90,

126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged in the complaint that he filed ARP LSP-2011-2363, but the administrative grievance was rejected by prison officials.

The summary judgment evidence showed that the plaintiff filed ARP LSP-2011-2363 on September 6, 2011, complaining that on August 21, 2011, he was subjected to an excessive use of force and he was denied adequate medical treatment.[4] On September 19, 2011, the ARP was rejected because it involved a disciplinary matter.[5]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(J)(1). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. If a request is rejected, it must be for one of

---

[4] Record document number 15-3, pp. 6-9.

[5] *Id*. at 5.

the enumerated reasons, which must be noted on the request for administrative remedy. *Id*. at § 325(I)(1). An administrative grievance involving a disciplinary matter may be rejected on grounds that there is a specialized administrative remedy procedure in place for such complaints. *Id*. at § 325(I)(1)(b)(i).

The summary judgment evidence showed that the plaintiff filed an administrative grievance complaining about an excessive use of force and a denial of adequate medical care for injuries sustained during the alleged altercation. Plaintiff did not challenge the issuance of a disciplinary report, if one was issued, or the denial of due process during a disciplinary board hearing, if one occurred, or the imposition of any penalty, if one was imposed. Although prison officials rejected the ARP on grounds that it involved "DISCIPLINARY MATTERS" no disciplinary-related claim was made in the plaintiff's ARP.

Granting summary judgment for the defendants would require finding that: (1) the plaintiff was issued a disciplinary rule violation; (2) although the plaintiff was not challenging the rule violation, hearing, finding or any sentence imposed, the Administrative Remedy Procedure nonetheless required the plaintiff to present his non-disciplinary claims in a disciplinary appeal; and, (3) the plaintiff was, or should have been, aware that he was required to do so. Defendants did not establish that the foregoing material facts are undisputed.

6

The summary judgment evidence showed that the plaintiff attempted to comply with the applicable prison grievance procedure before filing suit. Prison officials declined to address what appears to be a properly filed ARP, rendering administrative remedies unavailable to the plaintiff.

Defendants have failed to carry their burden of showing that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

## **RECOMMENDATION**

It is the recommendation of the defendants' motions for partial summary judgment be denied.

Baton Rouge, Louisiana, April 2, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE