BOBBY JINDAL
  Governor
Secretary

JAMES M. Le BL/

# State of Louisiana

Department of Public Safety and Corrections
Louisiana State Penitentiary

STATE OF LOUISIANA
WEST FELICIANA PARISH
ANGOLA, LOUISIANA

I hereby certify that the attached documents are TRUE AND CORRECT

COPIES of the original documents maintained at the Louisiana State

Penitentiary.

2011 Duty Investigator Logbook Entry Dated for 8/21/2011

Connie McCann #77912
Ex-Officio Notary
Department of Public Safety & Corrections/LSP

Date: 9 | 19 | 12

Raymond Fobbs #130215 vs. Daniel Davis



STATE'S
EXHIBIT
Blumberg No. 5138
H

Louisiana State Penitentiary • Angola, Louisiana 70712-9813 • (225) 655-4411 • Fax (225) 655-2319
www.doc.la.gov
An Equal Opportunity Employer



2011 Duty Investigator Log book

RECORD

8/21/11  West Row Lt. Hunt called concerning he was notified by MSgt Butler that Offender Michael Taylor visitor Christine Pupolo told him that he asked her to see her T-shirt and touched her shirt with his hand. Lt. Hunt stated that he did not have any contact with Ms. Pupolo on 8/20/2011. He stated that Ms. Pupolo visit on ~~Sat~~ Friday 8/19/2011 and he went to the visiting area and ~~told~~ told Offender Taylor and her about sitting to closed and hugged up. See Case #IS-11-058%

Cassandra Temple, Lt Col.

8/21/11  Major Davis, Camp C called concerning confrontation with Offender Raymond Tobbs who committed a rule #25 on the yard advised that Offender Tobbs was placed in shower told to come to Davis and refused. Offender Tobbs ~~gassed~~ still refused to comply. Offender Tobbs had an abrasion on toe. No other injuries seen at ATU. No employee injuries. Major C. Temple, Lt Col.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND C. FOBBS #130215 | : | CIVIL ACTION |
| | : | NUMBER: 11-700-BAJ-SCR |
| VERSUS | : | JUDGE JACKSON |
| DANIEL DAVIS, ET AL. | : | MAGISTRATE RIEDLINGER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA
PARISH OF WEST FELICIANA

## AFFIDAVIT

**BEFORE ME,** the undersigned Ex Officio Notary, personally came and appeared:

### ELI WILSON

who, after first being duly sworn, did depose and say that:

1.

I have worked at the Louisiana State Penitentiary, Angola, Louisiana (LSP) for 19 years.

2.

I have been an Investigator at the prison for the past 12 years.

3.

At the request of the Attorney General's Office, I reviewed the claims Raymond Fobbs (DOC #130215) asserts in the original and amended complaints as it relates to pictures that were allegedly taken on August 21, 2011, the date he alleges he was subjected to excessive force.



STATE'S EXHIBIT
4
Blumberg No. 5198

1

4.

I am also aware that defendant John Sanders' medical record from the aforementioned date indicates pictures were taken of his arms.

5.

I personally searched investigative files by inmate name and date at the prison.

6.

This affidavit is written to advise the Court that there are no pictures nor is there an investigative file from the incident that occurred at LSP on August 21, 2011.

The above facts are true and correct to the best of my knowledge, information and belief under penalty of perjury.

_____    _____
WITNESS    ELI WILSON

_____
WITNESS

SWORN TO AND SUBSCRIBED before me, this __25__ day of __September__, 2012, at Angola, Louisiana.

Connie M⁻Cann /Connie M⁻Cann
EX OFFICIO NOTARY #77912
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS/LSP

2

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND C. FOBBS #130215 | : | CIVIL ACTION |
| | : | NUMBER: 11-700-BAJ-SCR |
| VERSUS | | |
| | : | JUDGE JACKSON |
| DANIEL DAVIS, ET AL. | : | MAGISTRATE RIEDLINGER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA
PARISH OF WEST FELICIANA

## AFFIDAVIT

**BEFORE ME**, the undersigned Ex Officio Notary, personally came and appeared:

### BOBBY ACHORD

who, after first being duly sworn, did depose and say that:

1.

I have been employed as the Colonel in charge of the Investigative Services Department at Louisiana State Penitentiary (LSP) for the past 12 years. Eight investigators work in the Department, which is staffed 24 hours a day, 7 days week.

2.

I retired as a State Police Command Inspector after 25 years of service. I had 3 State Police Troops, 25 narcotics agents and 9-10 detectives under my command at the agency.

3.

At the request of the Attorney General's Office, I reviewed the claims Raymond Fobbs (DOC #130215) asserts in the original and amended complaint as it relates to pictures that were



STATE'S
EXHIBIT

1

taken of him at the Assessment and Treatment Unit ("ATU") on August 21, 2011, the date he alleges he was subjected to excessive force.

4.

I also reviewed offender Fobbs' and John Sanders' medical records, the disciplinary and unusual occurrence reports and the Duty Investigator Log Book records from August 21, 2011.

5.

This affidavit is being provided in response to Interrogatory No. 2 of plaintiff's Second Set of Interrogatories, which asks for the chain of custody of the pictures.

6.

LSP is the largest maximum security prison in the nation.

7.

At the time of the alleged events giving rise to the lawsuit, over 5,000 inmates were housed at the prison.

8.

A camera, which belongs to the Investigative Services Department, has been locked in a cabinet at the ATU for several years.

9.

In light of the fact that a majority of the inmates at Angola have been convicted of crimes of violence, it is not uncommon for offenders to initiate verbal and/or physical confrontations with security.

10.

Having the camera at the hospital serves an important purpose.

2

11.

For instance, if after being advised of an incident, an investigator determines pictures need to be taken of an offender(s) and/or employee(s), the investigator will call the ATU and ask medical personnel to take pictures before the offender and/or employee receives medical treatment or before an offender returns to his housing unit.

12.

Investigators have discretion in determining whether an investigation needs to be instituted after they receive information from security. Whether an individual sustained significant injuries during an incident is one of the main factors investigators use to determine whether an investigation should be instituted.

13.

An investigator who asks medical personnel to take pictures will subsequently proceed to the hospital, retrieve the memory card with the pictures needed for the investigation from the camera, put a new memory card in the camera, return to Investigative Services, save pictures needed for the particular investigation and discard unrelated photographs.

14.

Once a case file is opened, pictures become evidence. Pictures are printed and maintained in a master case file. In most instances, pictures are also maintained on a separate case file on the investigator's computer.

15.

Even though medical personnel will sometimes take pictures of unidentified offenders who are involved in incidents without being asked to do so by an investigator, Investigative

3

Services only retains pictures on matters that are investigated and/or matters within which case files are opened.

16.

On August 21, 2011, Major Daniel Davis called the Duty Investigator, Lt. Col. Cassandra Temple, concerning a confrontation plaintiff was involved in.

17.

After reviewing her notes, it is obvious Lt. Col. Temple determined it was not necessary to institute an investigation and/or open a case file.

18.

Since the matter was not investigated and a case file was not opened, Lt. Col. Temple did not call the ATU and ask that pictures be taken of Fobbs.

19.

Unbeknownst to the Investigative Services Department, E.M.T. Michael Thomas took pictures of the plaintiff while he was at the ATU with our camera and noted the same in inmate Fobbs' medical records. At this time, it is unknown who took pictures of John Sanders.

20.

No one in Investigative Services was ever personally notified by medical personnel that pictures were taken of inmate Fobbs on August 21, 2011.

21.

We can only assume that the photos that were taken by E.M.T. Michael Thomas on August 21, 2011 were deleted from the memory card by an unknown investigator after he/she reviewed data on the card pertinent to the investigation he/she was working and determined the unrelated photos could be discarded.

4

22.

Lt. Col. Eli Wilson personally searched investigative files by inmate name and date at the prison and did not find pictures or an investigative file from an incident plaintiff was involved in on August 21, 2011. Other investigators in the Department also checked their records and found that we did not institute an investigation and/or work a case from the aforementioned date.

23.

I am familiar with the Department of Public Safety and Corrections and LSP's document retention policies.

24.

Photographs on a memory card are not considered part of the record unless and until it is determined an investigation needs to be instituted and an investigative file is opened on a particular matter.

25.

In the instant case, the document retention policies were not violated because no investigation was instituted and an investigative file was not opened after Lt. Col. Temple was advised of the confrontation plaintiff was involved in on August 21, 2011.

5

The above facts are true and correct to the best of my knowledge, information and belief

under penalty of perjury.

_Brandy McMullen_
WITNESS _Carmen C. Shipley_
WITNESS

_Bobby Achord_
**BOBBY ACHORD**

SWORN TO AND SUBSCRIBED before me, this _13th_ day of _December_, 2012, at ~~Baton Rouge~~ ANGOLA, Louisiana.

_____
~~EX-OFFICIO~~ NOTARY PUBLIC
~~LOUISIANA DEPARTMENT OF PUBLIC~~
~~SAFETY AND CORRECTIONS/LSP~~
TERRI L. CANNON
BAR ROLL #17504

6