```
*************** -COMM. JOURNAL- ******************** DATE SEP-12-2012 ***** TIME 06:07 ********

         MODE = MEMORY TRANSMISSION                  START=SEP-12 06:05    END=SEP-12 06:07

           FILE NO.=967

STN    COMM.    ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES        DURATION
NO.             ABBR NO.

001    OK         ã          3266495                                    014/014      00:01:52



                                                                               -                     -


***** e-STUDIO190F ****************** -GRODNER & ASSOC - ***** -          225 769 1997- *********
```



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

**DONNA GRODNER**
Serious Personal Injury Attorney

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

September 12, 2012

*10/15/12 Reminder*

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:    Fobbs v. Maj. Daiel Davis; Capt John Snaders; Sgt. Mayhall; and Dr. Momah Tobe,
       11-00700 (MDLA)

Dear Ms. Johnson:

       Please find *Plaintiff's First Interrogatories and Request for Production of Documents
to Defendant*, which we are this day serving upon each of your clients through you by fax.

                                        Sincerely,

                                        Donna Grodner

*10/12/12*

Grodner Law Firm
2223 Quail Run Drive, Suite B    Baton Rouge, LA 70808    T: 225.769.1919    F: 225.769.1997
Toll Free: 866.769.1845    W: www.grodnerlaw.com



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

**Serious Personal Injury Attorney**
**DONNA GRODNER**

September 12, 2012

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:   Fobbs v. Maj. Daiel Davis; Capt John Snaders; Sgt. Mayhall; and Dr. Momah Tobe,
      11-00700 (MDLA)

Dear Ms. Johnson:

Please find *Plaintiff's First Interrogatories and Request for Production of Documents to Defendant*, which we are this day serving upon each of your clients through you by fax.

Sincerely,

Donna Grodner

Grodner Law Firm
2223 Quail Run Drive, Suite B   Baton Rouge, LA 70808   T: 225.769.1919   F: 225.769.1997
Toll Free: 866.769.1845   W: www.grodnerlaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND C. FOBBS | * | CIVIL ACTION 3:11-CV-00700 |
| | * | |
| V. | * | |
| | * | |
| MAJOR DANIEL DAVIS; | * | |
| CAPTAIN JOHN SANDERS; | * | CHIEF JUDGE JACKSON |
| SERGEANT MAYHALL, | * | |
| DR. MOMAH TOBE | * | MAGISTRATE RIEDLINGER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S FIRST INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:    MAJOR DANIEL DAVIS
       CAPTAIN JOHN SANDERS
       SERGEANT MAYHALL AND
       DR. MOMAH TOBE

Now comes plaintiff(s), through undersigned counsel, and propounds to EACH defendant(s), the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Federal Rules of Civil Procedure, within 30 days after service; and in default of their full, complete, and timely answer, plaintiff(s) demand that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

This discovery is to be deemed continuing and is to be supplemented, without the necessity of propounding additional discovery, at any time additional information may be obtained. The answer(s) to this discovery is to be signed by the person making them.

## DEFINITIONS

As used in these interrogatories and requests for production of

documents, the terms listed below are defined as follows:

1.      The words **"you"** and **"your"** refer to the above named defendant, to whom this discovery is propounded, any officer agent or employee thereof, and any predecessor corporation or entity.

2.      **"Document"** means, without limitation as to date, any of the following items, whether printed or recorded or reproduced by any physical or mechanical process:  data stored on computers, tapes, disks, punch cards, or printouts; papers of any type; books, newspapers, professional journals, magazines and periodicals, and articles appearing therein; lists, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, agendas, minutes, diaries, calendars, objects, tangible things, correspondence, telegrams, cables, telex messages, facsimiles, charts, graphs, maps, reports, notebooks, summaries or reports of consultants, photographs, videotapes, audio tapes, films, demonstrative aids, photographic negatives, photographic slides, patents, patent applications, movies, microfilm, microfiche, brochures, pamphlets, advertisements, circulars, fliers, press releases, drafts, letters, medical records and charts, prescriptions, labels, packaging inserts, medical device labeling, invoices and receipts.  Any document differing in any manner from another document (for example, a draft, a copy with non-conforming marginal notations, or a copy with different attachments or entries) is treated as a separate document; each such separate document must be noted in these answers.  Document includes records now, or that have been at anytime in the past, in the possession of defendant, of which you have knowledge, or which are now or were formally in your actual or constructive possession, custody or control.

3.      **"Possession"**, **"custody"** or **"control"** includes the joint or several possession, custody or control not only by the plaintiff to whom these interrogatories are addressed, but only the joint or several possession, custody or control by each plaintiff or any other person acting or purporting to act on behalf of the plaintiff, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

4.      The term **"statement"** shall mean an oral or written assertion or nonverbal conduct of a person, if it is/was intended by him as an assertion.

5.      The terms **"regarding"** and **"relating to"** shall be interpreted broadly, including both explicit and implicit reference, and meaning

2

without limitation referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

6.    **"Person"**, **"persons"**, or **"people"** means any natural person, firm, corporation, partnership, partnership in-commend am, proprietorship, joint venture, limited liability company, organization, group of natural persons, or other associations separately identifiable, regardless of whether such association has a separate juristic existence in its own right.

7.    **"Identify"**, **"identity"** and **"identification"** when referring to a person shall mean by name, physical and mailing address, phone number and relationship with defendant, job title and professional status.

8.    **"Identify"**, **"identity"** and **"identification"** when used to refer to a document, means to state the subject of the document; the title of the document; the type of document (e.g., letter, memorandum, telegram, chart); the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such.

9.    Use of the singular form shall be deemed to include the plural and vice versa.  Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders.  **"And"** as well as **"or"** shall be construed as either disjunctive or conjunctive so as to permit the broadest scope possible.

## INSTRUCTIONS

(1)    If the defendant is unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

(2)    If the attorney-client privilege, "work-product" limited

3

immunity, or other privileges claimed as to any communication or document, state the date of such document or communication; identify the person(s) who authorized, prepared or participated in preparing such document or communication and identify the person(s) to whom it was directed, sent or circulated, identify the person(s) now in possession of such document or who knows the content of such communication, and state the general subject matter of the document or communication, and the basis for the claim of privilege as to each said document or communication.

## INTERROGATORIES

### INTERROGATORY NUMBER 1.:

Please identify all insurance coverage limits of coverage of any policy of insurance affording coverage for the above captioned matter.

### INTERROGATORY NUMBER 2.:

Please identify and describe in detail any person who may have or claims to have knowledge of the incident/accident or any of the events leading up to the accident or related events occurring thereafter. As to each such person, please state the full name, address (business and home), telephone number (business and home) and occupation including place of employment (address and telephone number) and rank or title if applicable.

### INTERROGATORY NUMBER 3.:

4

Please list any and all documentary evidence which you may introduce at trial; fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

**INTERROGATORY NUMBER 4.:**

Please state whether you have in your possession or know of the existence of any photographs, moving pictures, videotapes, measurements or other descriptions of the incident or of MR. RAYMOND FOBBS. As to each item, please state a description of each item, including the date it was prepared and the subject matter it portrays; and the name, address, telephone number and occupation of the person who prepared each item.

**INTERROGATORY NUMBER 5.:**

Please "identify" all inmates on the prison year Campt C on August 21, 2011, around 3:00 to 4:00 p.m.

**INTERROGATORY NUMBER 6.:**

Identify each person you expect to call as a fact witness at trial, whether or not identified in answer to another, and briefly state the substance of their testimony.

5

**INTERROGATORY NO. 7.:**

Please identify each expert you have contacted in this matter and for each you may call on the trial of this matter and provide the following:

a.　list of each opinion;

b.　list of each fact relied upon for each opinion;

c.　all studies and/or test relied upon for each opinion;

d.　rate of compensation paid and/or owing for services; and

i.　list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

**INTERROGATORY NO. 8.:**

Please identify each and every person including but not limited to any employee of defendant who has knowledge of any facts relating to or regarding events, injuries or illnesses arising out of or alleged to have arisen out of the matters set forth in the petition.

**INTERROGATORY NO. 9.:**

If you contend that MR. RAYMOND FOBBS failed to mitigate his damages, please provide a full explanation and identify any witness or document that supports that contention.

6

**INTERROGATORY NO. 10.:**

If you contend that MR. RAYMOND FOBBS's injury with persistent pain was caused by anything other than the wreck of August 21, 2011, please explain and provide a list of the documents that support your contention.

**INTERROGATORY NO. 11.:**

Please describe your record of ARP complaints. Has any other person alleged that you used excessive or unnecessary force or corporal punishment on them? If so, please list and explain each.

**INTERROGATORY NO. 12.:**

Please explain why you failed to video the use of chemical agents on August 21, 2011, on MR. RAYMOND FOBBS.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NUMBER 1.:**

Please provide any and all recorded or written statements taken in this matter.

**REQUEST FOR PRODUCTION NUMBER 2.:**

Please produce certified or verified copies or originals each policy of insurance which does or may offer any coverage for the incident(s) which is the subject matter of this lawsuit. With regard to each such contract, policy and/or agreement, please provide: (a) the effective and expiration dates of coverage; (b) whether excess or primary; and (c) the

7

limits of liability coverage.

**REQUEST FOR PRODUCTION NUMBER 3.:**

Please produce copies of all correspondence in which your insurer denied, declined and/or reserved rights regarding your coverage of the liability asserted against you in this matter, including correspondence with you or the named insured, its agent and/or broker.

**REQUEST FOR PRODUCTION NUMBER 4.:**

Produce any and all unusual occurrence report, incident report, investigative reports, IAD investigative reports and/or other documentation relating or regarding the August 21, 2011, incident involving MR. RAYMOND FOBBS.

**REQUEST FOR PRODUCTION NUMBER 5.:**

Please produce the log book for the chemical weapons used during August 2011.

**REQUEST FOR PRODUCTION NUMBER 6.:**

Produce any and all statements taken or given relating or regarding the August 21, 2011, incident involving MR. RAYMOND FOBBS.

**REQUEST FOR PRODUCTION NUMBER 7.:**

Produce any and ALL medical records including requests for medical attention regarding or relating to MR. RAYMOND FOBBS. See attached release.

**REQUEST FOR PRODUCTION NUMBER 8.:**

8

Produce any and ALL ARP requests and responses from the August 21, 2011, incident to date involving MR. RAYMOND FOBBS.

**REQUEST FOR PRODUCTION NUMBER 9.:**

Please produce a copy of YOUR driver's license.

**REQUEST FOR PRODUCTION NUMBER 10.:**

Please produce YOUR personnel file including all disciplinary action.

**REQUEST FOR PRODUCTION NUMBER 11.:**

Please produce each Employee Rule Violation Report in which YOUR name appears.

**REQUEST FOR PRODUCTION NUMBER 12.:**

Please produce the La. DOC Corrections Services Employee Manual and each of your Department Regulations and each Institutional Policy.

**REQUEST FOR PRODUCTION NUMBER 13.:**

Please produce any exhibits which you may offer at the trial of this matter.

**REQUEST FOR PRODUCTION NUMBER 14.:**

Please produce each document identified in your answers to interrogatories above.

**REQUEST FOR PRODUCTION 15.:**

Please produce for each expert the following:

a.    list of each opinion;

b.    list of each fact relied upon for each opinion;

c.    all studies and/or test relied upon for each opinion;

d.    rate of compensation paid and/or owing for services; and

i.    list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

**REQUEST FOR PRODUCTION 16.:**

Produce legible copies of all photographs, diagrams and/or videotapes taken or drawn by you or on your behalf purporting to show the place or circumstances of the incident or MR. RAYMOND FOBBS and all taken of the Prison Yard Camp C and all walkways leading to and from the Prison yard into the shower area where MR. RAYMOND FOBBS was taken and to the cell where MR. RAYMOND FOBBS was housed on August 21, 2011, between the hours of 2 and 6 p.m.

**REQUEST FOR PRODUCTION 17.:**

Produce any document which you contend supports a contention that MR. RAYMOND FOBBS was not injured during the incident that occurred on August 21, 2011.

**REQUEST FOR PRODUCTION NUMBER 18.:**

All accident reports, incident reports, ambulance run reports, newspaper articles or television news reports which relate to the incident in your possession.

**REQUEST FOR PRODUCTION 19.:**

Produce the entire file of MR. RAYMOND FOBBS, including all ARPs,

requests for medical treatment and all other records in your possession.

**REQUEST FOR PRODUCTION 20.:**

Please produce any medical or health care, employment, or income related record you have in your possession for MR. RAYMOND FOBBS. See attached HIPPA release.

**REQUEST FOR PRODUCTION 21.:**

Please produce all ARPs submitted from the incident that occurred August 21, 2011.

**REQUEST FOR PRODUCTION 22.:**

Please produce any medical or health care, employment, or income related record you have obtained for the Plaintiff.

**REQUEST FOR PRODUCTION 23.:**

Please produce a copy of ALL medical records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 24.:**

Please produce a copy of ALL depositions, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 25.:**

Please produce a copy of ALL criminal records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 26.:**

Please produce a copy of ALL employment records, of Plaintiff,

obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 27.:**

Please produce a copy of ALL social security records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 28.:**

Please produce a copy of ALL unemployment benefit records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 29.:**

Please produce a copy of ALL military records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 30.:**

Please produce a copy of ALL recorded statements, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 31.:**

Please produce a copy of ALL trial transcripts, of Plaintiff, obtained by Defendant,  from any source.

**REQUEST FOR PRODUCTION 32.:**

Please produce a copy of ALL lawsuit records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION 33.:**

Please produce a copy of ALL insurance company records, of Plaintiff, obtained by Defendant, from any source.

12

**REQUEST FOR PRODUCTION 34.:**

Please produce a copy of ALL photographs and/or video of Plaintiff, obtained by Defendant, from any source.

Respectfully submitted:
By Donna Grodner

s/Donna Grodner
Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
GRODNER LAW FIRM
2223 Quail Run Drive, Suite B-1
Baton Rouge, Louisiana 70808
(225)769-1919  FAX 769-1997

Certificate

I do hereby certify that I have served the below listed counsel via fax or email on September 12, 2012.

Donna U. Grodner

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402  fax 225.326.6495
johnsonst@ag.state.la.us

13