

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

**State of Louisiana**
DEPARTMENT OF JUSTICE
P.O. BOX 94005
**BATON ROUGE**
70804-9005


RECEIVED
OCT 1 6 2012
BY: _____

October 12, 2012

## VIA CERTIFIED MAIL RETURN RECEIPT NO.
### 7011 3500 0003 2439 4183

Donna Grodner
Attorney at Law
2223 Quail Run Drive, Suite B
Baton Rouge, Louisiana 70808

> RE:  *Raymond C. Fobbs #130215 v. Daniel Davis, et al.*
> USDC Suit No: USM-11-700
> ORM No. 12G0118FO7722
> FARA No. 3393950

Dear Ms. Grodner:

Enclosed, please find the defendants responses to plaintiff's Request for Production of Documents and Interrogatories.

Please contact me at (225) 326-6402 if you have any questions.

Sincerely,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: _____
STACEY JOHNSON
ASSISTANT ATTORNEY GENERAL

SJ/awt
Enclosures

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND C. FOBBS #130215 | : | CIVIL ACTION |
| | : | NUMBER: 11-700-BAJ-SCR |
| VERSUS | : | JUDGE JACKSON |
| DANIEL DAVIS, ET AL. | : | MAGISTRATE RIEDLINGER |

### DEFENDANT'S ANSWERS TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, come defendants, Daniel Davis, John Sanders, Edward Mayhall and Tobe Momah, who answer plaintiff's First Set of Requests for Production of Documents as follows:

**PRODUCTION OF DOCUMENT NO. 1:**

Please provide any and all recorded or written statements taken in this matter.

**RESPONSE TO PRODUCTION OF DOCUMENTNO. 1:**

See Exhibits A – R.

**PRODUCTION OF DOCUMENT NO. 2:**

Please produce certified or verified copies or originals each policy of insurance which does or may offer any coverage for the incident(s) which is the subject matter of this lawsuit. With regard to each such contract, policy and/or agreement, please provide: (a) the effective and expiration dates of coverage; (b) whether excess or primary; and (c) the limits of liability coverage.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 2:**

See Exhibit M.

1

**PRODUCTION OF DOCUMENT NO. 3:**

Please produce copies of all correspondence in which your insurer denied, declined and/or reserved rights regarding your coverage of the liability asserted against you in this matter, including correspondence with you or the named insured, its agent and/or broker.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 3:**

The answering defendants and their attorney object to the Request for Production, as the information requested infringes on work product and attorney client privilege.

The answering defendant and their attorney also object to the Request for Production because the discovery request infers that the defendants are not covered by the State's insurer. If that were the case, the defendants who were presumably denied coverage would not be represented by an attorney for the State.

**PRODUCTION OF DOCUMENT NO. 4:**

Produce any and all unusual occurrence report, incident report, investigative reports, IAD investigate reports and/or other documentation relating or regarding the August 21, 2011, incident involving Mr. Raymond Fobbs.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 4:**

See Exhibits A – R.

**PRODUCTION OF DOCUMENT NO. 5:**

Please produce the log book for the chemical weapons used during August 2011.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 5:**

See Exhibit L.

**PRODUCTION OF DOCUMENT NO. 6:**

Produce any and all statements taken or given relating or regarding the August 21, 2011, incident involving Mr. Raymond Fobbs.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 6:**

See Exhibits A – R.

**PRODUCTION OF DOCUMENT NO. 7:**

Produce any and all medical records including requests for medical attention regarding or relating to Mr. Raymond Fobbs.  See attached release.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 7:**

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce any and all medical records including requests for medical attention regarding or relating to Mr. Raymond Fobbs," is unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

Without waiving said objection, see Exhibits C, D, E , F, N, O, Q and R.

**PRODUCTION OF DOCUMENT NO. 8:**

Produce any and all ARP requests and responses from the August 21, 2011, incident to date involving Mr. Raymond Fobbs.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 8:**

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce any and all ARP requests and responses from the August 21, 2011, *incident to date* involving Mr. Raymond Fobbs," is unduly burdensome,

3

not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

Without waiving said objection, see Exhibit H.

## PRODUCTION OF DOCUMENT NO. 9:

Please produce a copy of your driver's license.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 9:

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce a copy of your driver's license," is unduly burdensome, *totally irrelevant to the subject lawsuit*, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

## PRODUCTION OF DOCUMENT NO. 10:

Please produce your personnel file including all disciplinary action.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 10:

Discovery has "ultimate and necessary boundaries."[1] Accordingly, the answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce your personnel file including all disciplinary action," is not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the instant discovery request because the information sought will not tend to establish any fact at issue in this litigation. Specifically, the defendants' personnel files are clearly irrelevant and will not lead to the discovery

---

[1] Oppenheimer Fund v. Sanders, 98 S.Ct. 2380 (1978).

4

of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the Request for Production, as the law is clear that *allegations and/or evidence* of other bad acts committed by a defendant, *assuming for the sake of argument any of the defendants, in fact, have disciplinary records*, is not generally admissible to prove the character of that person or to show that he acted in conformity with such bad character on a particular occasion.[2]

## PRODUCTION OF DOCUMENT NO. 11:

Please produce each Employee Rule Violation Report in which your name appears.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 11:

Discovery has "ultimate and necessary boundaries."[3] Accordingly, the answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce each Employee Rule Violation Report in which your name appears," is not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the instant discovery request because the information sought will not tend to establish any fact at issue in this litigation. Specifically, the defendants' Employee Rule Violation Reports are clearly irrelevant and will not lead to the discovery of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the Request for Production, as the law is clear that *allegations and/or evidence* of other bad acts committed by a defendant, *assuming*

---

[2] Federal Rules of Evidence Rule 404.
[3] Oppenheimer Fund v. Sanders, 98 S.Ct. 2380 (1978).

*for the sake of argument any of the defendants, in fact, have* Employee Rule Violation Reports in their personnel files, is not generally admissible to prove the character of that person or to show that he acted in conformity with such bad character on a particular occasion.[4]

### PRODUCTION OF DOCUMENT NO. 12:

Please produce the La. DOC Corrections Services Employee Manual and each of your Department Regulations and each Institutional Policy.

### RESPONSE TO PRODUCTION OF DOCUMENT NO. 12:

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce the La. DOC Corrections Services Employee Manual and each of your Department Regulations and each Institutional Policy," is extremely vague as to the particular institutional policy plaintiff's counsel seeks, overly broad and unduly burdensome. Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

See Exhibit J.

### PRODUCTION OF DOCUMENT NO. 13:

Please produce any exhibits which you may offer at the trial of this matter.

### RESPONSE TO PRODUCTION OF DOCUMENT NO. 13:

See Exhibits A – R.

---

[4] Federal Rules of Evidence Rule 404.

**PRODUCTION OF DOCUMENT NO. 14:**

Please produce each document identified in your answers to Interrogatories above.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 14:**

See Exhibits A – R.

**PRODUCTION OF DOCUMENT NO. 15:**

Please produce for each expert the following:

a.  list of each opinion;

b.  list each fact relied upon for each opinion;

c.  all studies and/or rest relied upon for each opinion;

d.  rate of compensation paid and/or owing for services; and

e.  list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 15:**

Undersigned counsel has yet to contract with an expert in this case. Dr. Tobe Momah or another physician who works for the Department of Public Safety and Corrections may testify as an expert on behalf of the defendants at trial. The defendants will comply with Federal Rules of Civil Procedure Rule 26 relating to experts if an expert is retained.

**PRODUCTION OF DOCUMENT NO. 16:**

Produce legible copies of all photographs, diagrams and/or videotapes taken or drawn by you or on your behalf purporting to show the place or circumstances of the incident "or" Mr. Raymond Fobbs and all taken of the Prison Yard Camp C and all walkways leading to and from the Prison yard into the shower area where Mr. Raymond Fobbs was taken and to the cell where Mr. Raymond

Fobbs was housed on August 21, 2011, between the hours of 2 and 6 p.m.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 16:**

The answering defendants and their attorney object to the portion of the Request for Production that asks for a copy of the diagram of Camp C because the information sought is highly sensitive in nature and if released to inmates at LSP, to inmates at other prisons across the state who subsequently transfer to Angola and/or to persons on the outside, could be used to plan an escape or be used in the furtherance of other criminal activity not listed herein. Such behavior could jeopardize public safety, as well as the safety of correctional officers and the inmate population at LSP.

Without waiving said objection, if ordered to do so, the answering defendants and their attorney will file the map of Camp C, under seal, for an in camera inspection if directed to do so by the Court.

Again, without waiving said objection, undersigned counsel is not in possession of and she has been advised that no photographs or videotapes from the alleged incident exist. See Exhibit K, affidavit of Eli Wilson, Investigator at LSP.

**PRODUCTION OF DOCUMENT NO. 17:**

Produce any document which you contend supports contentions that Mr. Raymond Fobbs was not injured during the incident that occurred on August 21, 2011.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 17:**

The answering defendants and their attorney object to the Request for Production, as the discovery request infers the defendants have expressed "contentions" in the case.

**PRODUCTION OF DOCUMENT NO. 18:**

All accident reports, incident reports, ambulance run reports, newspaper articles or television

8

news reports which relate to the incident in your possession.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 18:**

See Exhibits A – R. The answering defendants and their attorney are not in possession of newspaper articles or television news reports that related to the alleged incident.

**PRODUCTION OF DOCUMENT NO. 19:**

Produce the entire file of Mr. Raymond Fobbs, including all ARPs, requests for medical treatment and all other records in your possession.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 19:**

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce the entire file of Mr. Raymond Fobbs, including all ARPs, requests for medical treatment and all other records in your possession," is extremely vague as to time, unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence. See La. R.S. 15:574.12.

See Exhibits A –R.

**PRODUCTION OF DOCUMENT NO. 20:**

Please produce any medical or health care, employment, or income related record you have in possession for Mr. Raymond Fobbs. See attached HIPPA release.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 20:**

The answering defendants and their attorney object to the Request for Production, as the request for "produce any …employment, or income related record you have in possession for Mr. Raymond Fobbs," has absolutely no relevance to the instant lawsuit and the defendants do not have

9

custody of any such records.

The answering defendants and their attorney also object to the discovery request because the information sought with respect to "any medical or health care" records is extremely vague as to time, overly broad and unduly burdensome. Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

Without waiving said objections, please see Exhibits C, D, E, F, N, O, Q and R.

**PRODUCTION OF DOCUMENT NO. 21:**

Please produce all ARPs submitted from the incident that occurred August 21, 2011.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 21:**

The answering defendants and their attorney object to the Request for Production, as the discovery request is duplicative in nature. The same request is submitted in Request for Production No. 8.

**PRODUCTION OF DOCUMENT NO. 22:**

Please produce any medical or health care, employment, or income related record you have obtained for the plaintiff.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 22:**

The answering defendants and their attorney object to the Request for Production, as the request for "employment, or income related record you have obtained for the plaintiff" has absolutely no relevance to the instant lawsuit and the defendants do not have custody of any such records.

The answering defendants and their attorney also objects to the Request for Production because the phrase "please produce any medical or health care, employment, or income related record you have obtained for the plaintiff," is extremely vague, unduly burdensome, and not likely or

10

calculated to lead to the discovery of relevant, material and admissible evidence.

Finally, the answering defendants and their attorney object to the Request for Production because the discovery request is duplicative in nature. The same information is requested in Request for Production No. 7.

**PRODUCTION OF DOCUMENT NO. 23:**

Please produce a copy of all medical records, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 23:**

The answering defendants and their attorney also object to the discovery request because the phrase, "please produce a copy of all medical records, of plaintiff, obtained by defendant, from any source," is extremely vague.

The answering defendants and their attorney also object to the Request for Production because the discovery request is duplicative in nature. The same information is requested in Request for Production No. 7.

**PRODUCTION OF DOCUMENT NO. 24:**

Please produce a copy of all deposition, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 24:**

The answering defendants and their attorney object to the discovery request because the phrase, "please produce a copy of all deposition, of plaintiff, obtained by defendant, from any source," is extremely vague, unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

11

Without waiving said objection, the defendants are not in possession of a deposition transcript of plaintiff.

## PRODUCTION OF DOCUMENT NO. 25:

Please produce a copy of all criminal records, of plaintiff, obtained by defendant, from any source.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 25:

The answering defendants and their attorney also object to the discovery request because the phrase, "please produce a copy of all criminal records, of plaintiff, obtained by defendant, from any source," is extremely vague, unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

Without waiving said objection, see Exhibit I.

## PRODUCTION OF DOCUMENT NO. 26:

Please produce a copy of all employment records, of plaintiff, obtained by defendant, from any source.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 26:

The answering defendants and their attorney object to the Request for Production, as the request for "a copy of all employment records, of plaintiff, obtained by defendant, from any source," has absolutely no relevance to the instant lawsuit and the defendants do not have custody of any such records.

The answering defendants and their attorney also object to the discovery request because the information sought is extremely vague as to time, overly broad and unduly burdensome.

12

Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

**PRODUCTION OF DOCUMENT NO. 27:**

Please produce a copy of all social security records, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 27:**

The answering defendants and their attorney object to the Request for Production, as the request for "a copy of all social security records, of plaintiff, obtained by defendant, from any source," has absolutely no relevance to the instant lawsuit and the defendants do not have custody of any such records.

The answering defendants and their attorney also object to the discovery request because the information sought is extremely vague as to time, overly broad and unduly burdensome. Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

**PRODUCTION OF DOCUMENT NO. 28:**

Please produce a copy of all unemployment benefit records, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 28:**

The answering defendants and their attorney object to the Request for Production, as the request for "a copy of all unemployment benefit records, of plaintiff, obtained by defendant, from any source," has absolutely no relevance to the instant lawsuit and the defendants do not have custody of any such records.

The answering defendants and their attorney also object to the discovery request because the information sought is extremely vague as to time, overly broad and unduly burdensome. Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

**PRODUCTION OF DOCUMENT NO. 29:**

Please produce a copy of all military records, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 29:**

The answering defendants and their attorney object to the Request for Production, as the request for "a copy of all military records, of plaintiff, obtained by defendant, from any source," has absolutely no relevance to the instant lawsuit and the defendants do not have custody of any such records.

The answering defendants and their attorney also object to the discovery request because the information sought is extremely vague as to time, overly broad and unduly burdensome. Additionally, the information requested will not lead to the discovery of relevant, material and admissible evidence.

**PRODUCTION OF DOCUMENT NO. 30:**

Please produce a copy of all recorded statements, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 30:**

The answering defendants and their attorney object to the Request for Production in that the information sought, particularly use of the phrase "produce a copy of all recorded statements, of

14

plaintiff, obtained by defendant, from any source," is extremely vague as to date and time.

Without waiving said objection, the defendants are not in possession of any recorded statements from the plaintiff.

**PRODUCTION OF DOCUMENT NO. 31:**

Please produce a copy of all trial transcripts, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 31:**

The answering defendants and their attorney object to the discovery request because the phrase, "produce a copy of all trial transcripts, of plaintiff, obtained by defendant, from any source," is extremely vague. unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

Without waiving said objection, the defendants are not in possession of any trial transcripts related to the plaintiff.

**PRODUCTION OF DOCUMENT NO. 32:**

Please produce a copy of all lawsuit records, of plaintiff, obtained by defendant, from any source.

**RESPONSE TO PRODUCTION OF DOCUMENT NO. 32:**

The answering defendants and their attorney object to the discovery request because the phrase, "produce a copy of all lawsuit records, of plaintiff, obtained by defendant, from any source," is extremely vague. unduly burdensome, not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and

admissible evidence.

Without waiving said objection, the defendants are not in possession of any "lawsuit records" of the plaintiff.

## PRODUCTION OF DOCUMENT NO. 33:

Please produce a copy of all insurance company records, of plaintiff, obtained by defendant, from any source.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 33:

The answering defendants and their attorney object to the discovery request because the phrase, "produce a copy of all insurance company records, of plaintiff, obtained by defendant, from any source." is extremely vague. unduly burdensome,  not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

Without waiving said objection, the defendants are not in possession of any "insurance company records" related to the plaintiff.

## PRODUCTION OF DOCUMENT NO. 34:

Please produce a copy of all photographs and/or video of plaintiff, obtained by defendant, from any source.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 34:

The answering defendants and their attorney object to the Request for Production, as the information sought, particularly "a copy of all photographs and/or video of plaintiff, obtained by defendant, from any source," is extremely vague as to time.

Without waiving said objection, undersigned counsel is not in possession of any photographs

16

and/or videos of plaintiff. Also, see Exhibit K, affidavit of Eli Wilson, Investigator at LSP.

**The Defendants Reserve the Right to Supplement and/or Amend these Discovery Responses.**

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

BY: _____

Stacey Johnson
Bar Roll No. 27331
Assistant Attorney General

Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6402
Facsimile: (225) 326-6495
Johnsonst@ag.state.la.us

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2012, a copy of the foregoing Defendant's Answers to

Plaintiff's First Set of Request for Production of Documents was mailed by United States Postal

Service, via Certified Mail, Return Receipt No. 7011 3500 0003 2439 4183, to:

Donna Grodner
Grodner Law Firm
2223 Quail Run Drive, Suite B
Baton Rouge, LA 70808

_____
Stacey Johnson # 27331
Attorney for Defendant

17

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND C. FOBBS #130215 | : | CIVIL ACTION |
| | : | NUMBER: 11-700-BAJ-SCR |
| VERSUS | | |
| | : | JUDGE JACKSON |
| DANIEL DAVIS, ET AL. | : | MAGISTRATE RIEDLINGER |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, come defendants, Daniel Davis, John Sanders, Edward Mayhall and Tobe Momah, who answer plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Please identify all insurance coverage limits of coverage of any policy of insurance affording coverage for the above captioned matter.

**RESPONSE TO INTERROGATORY NO. 1:**

See Exhibit M.

**INTERROGATORY NO. 2:**

Please identify and describe in detail any person who may have or claims to have knowledge of the incident/accident or any of the events leading up to the accident or related events occurring thereafter. As to each such person, please state the full name, address (business and home), telephone number (business and home) and occupation including place of employment (address and telephone number) and rank or title if applicable.

1

## RESPONSE TO INTERROGATORY NO. 2:

All of the individuals listed herein have worked at Louisiana State Penitentiary in the past or are currently employed at the institution. **Arrangements to talk to all of the *witnesses (not the defendants, as ex parte conversations with them by plaintiff's counsel is prohibited)* can be made by either contacting undersigned counsel or by contacting the Legal Programs Department at LSP, Angola, Louisiana 70712, (225) 655-2039.** For instance, undersigned counsel would be more than happy to contact any witnesses who no longer works at the institution and ask the individual to call plaintiff's counsel. (The defendants' notices of deposition and Dr. Tobe Momah's subpoena were served through undersigned counsel on September 21, 2012 without objection from plaintiff's counsel).

The answering defendants and their attorney objects to the portion of Interrogatory No. 2, which asks for the business and home addresses and telephone numbers of individuals, as the request is extremely invasive, and the information is not likely or calculated to lead to the discovery of relevant, material and admissible evidence.

Additionally, undersigned counsel has no guarantee that the defendants and the witnesses personal & private information will not be forwarded to the plaintiff, who is currently serving a 20 year sentence for theft and illegal possession of stolen things, and is scheduled to be released from prison on April 23, 2017.[1] *It is for this reason that the answering defendants and their attorney also objects to the discovery request because the information sought is highly sensitive in nature and if released to the plaintiff or disseminated to inmates at Rayburn Correctional Center and/or Louisiana State Penitentiary could jeopardize the privacy, safety and well being of the defendants*

---

[1] See Plaintiff's Rap Sheet, Exhibit I.

2

*and witnesses.*

Without waiving said objection, the following is a list of individuals who may have knowledge of the alleged events giving rise to the lawsuit:

1.  Dr. Tobe Momah, former physician at LSP.

2.  Edward Mayhall, Corrections Officer at LSP.

3.  John Sanders, Corrections Officer at LSP.

4.  Daniel Davis, Corrections Officer at LSP.

5.  Latoya Dennis, Corrections Officer at LSP.

6.  Darryl Smith ("Mike"), Inmate at LSP.

7.  Leon Brent, Inmate at LSP.

8.  Eli Wilson, Investigator at LSP.

9.  Russell Johnson, E.M.T. at LSP.

10. Sandy McClure, E.M.T. at LSP.

11. Leminda Nicholas, former E.M.T. at LSP.

12. Dr. Jonathan Roundtree, former Medical Director at LSP.

13. Cassandra Temple, Duty Investigator, LSP.

14. Chad Menzina, Assistant Warden, LSP.

15. Angela Butler, Corrections Officer, LSP.

16. Jeffery Franklin, Corrections Officer, LSP.

17. Dr. Gregory Wiest, former physician at LSP. (Dr. Wiest is deceased).

18. Dr. Raman Singh, former Medical Director, LSP.

**INTERROGATORY NO. 3:**

Please list any and all documentary evidence which you may introduce at trial; fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

**RESPONSE TO INTERROGATORY NO. 3:**

The answering defendants and their attorney object to this Interrogatory in that the information sought, particularly use of the phrase "fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and" is unduly burdensome and irrelevant *because the documents clearly speak for themselves.* Additionally, certification letters indicate whether the documents came from Louisiana State Penitentiary or Rayburn Correctional Center.

Mary Strickland, the custodian of records at Louisiana Penitentiary may identify and/or authenticate the documents from that institution at trial. At the present time, Anna Morgan is the medical records custodian and Ivy Morris is the individual who may identify and/or authenticate plaintiff's prison record. Both individuals work at Rayburn Correctional Center.

Without waiving said objection, see Exhibits A – R.

**INTERROGATORY NO. 4:**

Please state whether you have in you possession or know of the existence of any photographs, moving pictures, video types, measurements or other descriptions of the incident or of Mr. Raymond

4

Fobbs . As to each item, please state a description of each item, including the date it was prepared and the subject matter it portrays; and the name, address, telephone number and occupation of the person who prepared each item.

## RESPONSE TO INTERROGATORY NO. 4:

Undersigned counsel is not in possession of and she has been advised that no photographs, moving pictures, video types, measurements of other descriptions of the alleged incident or of Mr. Raymond Fobbs exist.

See Exhibit K, affidavit of Eli Wilson, Investigator at LSP.

## INTERROGATORY NO. 5:

Please "identify" all inmates on the prison yard Camp C on August 21, 2011, around 3:00 to 4:00 p.m.

## RESPONSE TO INTERROGATORY NO. 5:

The answering defendants and their attorney object to this Interrogatory in that the information sought, particularly use of the phrase "please "identify" all inmates on the prison yard Camp C on August 21, 2011, around 3:00 to 4:00 p.m.," is unduly burdensome, as inmates move around/ in and out of the Camp C yard, dormitories, canteen, pill call, chow lines, hobby shop, chapel and education building freely on an ongoing basis.

Stated differently, a list of the names of inmates who were on the Camp C yard between 3:00 p.m. to 4:00 p.m. on August 21, 2011 does not exist.

## INTERROGATORY NO. 6:

Identify each person you expect to call as a fact witness at trial, whether or not identified in answer to another; and briefly state the substance of their testimony.

5

RESPONSE TO INTERROGATORY NO. 6:

1.  Dr. Tobe Momah, former physician at LSP – medical treatment that was provided to plaintiff on the date of the alleged incident.

2.  Edward Mayhall, Corrections Officer at LSP – testify about what occurred on August 21, 2011.

3.  John Sanders, Corrections Officer at LSP– testify about what occurred on August 21, 2011.

4.  Daniel Davis, Corrections Officer at LSP– testify about what occurred on August 21, 2011.

5.  Latoya Dennis, Corrections Officer at LSP– testify about what occurred on August 21, 2011.

6.  Darryl Smith ("Mike"), Inmate at LSP – Unknown at this time.

7.  Leon Brent, Inmate at LSP – Unknown at this time.

8.  Russell Johnson, E.M.T. at LSP medical treatment that was provided to plaintiff on the date of the alleged incident.

9.  Sandy McClure, E.M.T. at LSP medical treatment that was provided to plaintiff on the date of the alleged incident.

10. Mary Strickland, Records Custodian at LSP.

11. Cassandra Temple, Duty Investigator, LSP – testify about notification received after plaintiff tried to headbutt John Sanders on August 21, 2011.

12. Chad Menzina, Assistant Warden, LSP– testify about notification received after plaintiff tried to headbutt John Sanders on August 21, 2011.

13. Dr. Jonathan Roundtree, former Medical Director at LSP – testify about plaintiff's duty status orders.

14. Jeffery Franklin, Corrections Officer at LSP – testify about what he observed on the date of the alleged incident.

15. Dr. Boon Jindasup of Tulane Medical Center - testify about impact plaintiff smoking and bladder cancer.

## INTERROGATORY NO. 7:

Please identify each expert you have contracted in this matter and for each you may call on the trial of this matter and provide the following:

a. list of each opinion;

b. list of each fact relied upon for each opinion;

c. all studies and/or test relied upon for each opinion;

d. rate of compensation paid and/or owing for services; and

e. list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

## RESPONSE TO INTERROGATORY NO. 7:

Undersigned counsel has yet to contract with an expert in this case. Dr. Boon Jindasup, Dr. Tobe Momah, Dr. Jonathan Roundtree or another physician who works for the Department of Public Safety and Corrections may testify as an expert on behalf of the defendants at trial. The defendants will comply with Federal Rules of Civil Procedure Rule 26 relating to experts if an expert is retained.

## INTERROGATORY NO. 8:

Please identify each and every person including but not limited to any employees of

7

defendant who has knowledge of any facts relating to or regarding events, injuries or illnesses arising out of or alleged to have arisen out of the matters set forth in the petition.

### RESPONSE TO INTERROGATORY NO. 8:

The answering defendants and their attorney object to the Interrogatory, as the same information is requested in Interrogatory No. 6.

### INTERROGATORY NO. 9:

If you contend that Mr. Raymond Fobbs failed to mitigate his damages, please provide a full explanation and identify any witness or document that supports that contention.

### RESPONSE TO INTERROGATORY NO. 9:

The answering defendants and their attorney object to the Interrogatory, as the information requested is unduly burdensome. Plaintiff's counsel can simply read the disciplinary reports from August 21, 2011.

Without waiving said objection, see Exhibit I, Daniel Davis and John Sanders' disciplinary reports from August 21, 2011.

### INTERROGATORY NO. 10:

If you contend that Mr. Raymond Fobbs' injury with persistent pain was caused by anything other than the wreck of August 21, 2011, please explain and provide a list of the documents that support your contention.

### RESPONSE TO INTERROGATORY NO. 10:

The answering defendants and their attorney object to the instant Interrogatory as it misrepresents the facts of this case. Specifically, the defendants object to the phrase "if you contend

that Mr. Raymond Fobbs' injury with persistent pain was caused by anything other than the wreck of August 21, 2011, please explain and provide a list of the documents that support your contention," as the plaintiff was not involved in a "wreck" on August 21, 2011 and he does not complain of "persistent pain" in either the original or amended complaints.

**INTERROGATORY NO. 11:**

Please describe your record of ARP complaints. Has any other person alleged that you used excessive or unnecessary force or corporal punishment on them? If so, please list and explain each.

**RESPONSE TO INTERROGATORY NO. 11:**

Discovery has "ultimate and necessary boundaries."[2] Accordingly, the answering defendants and their attorney object to the Interrogatory in that the information sought, particularly use of the phrase "please describe your record of ARP complaints. Has any other person alleged that you used excessive or unnecessary force or corporal punishment on them? If so, please list and explain each," misrepresents the facts of the case, is not relevant to the subject lawsuit, which alleges specific acts on a specific date, nor will the information lead to the discovery of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the instant discovery request because the information sought will not tend to establish any fact at issue in this litigation. Specifically, the allegation of abuse by another inmate is clearly irrelevant and will not lead to the discovery of relevant, material and admissible evidence.

The answering defendants and their attorney also object to the Interrogatory, as the law is clear that *allegations and/or evidence* of other bad acts committed by a defendant, *assuming for the*

---

[2] Oppenheimer Fund v. Sanders, 98 S.Ct. 2380 (1978).

9

*sake of argument any exist in the instant case*, is not generally admissible to prove the character of that person or to show that he acted in conformity with such bad character on a particular occasion.[3]

## RESPONSE TO INTERROGATORY NO. 12:

Please explain why you failed to video the use of chemical agents on August 21, 2011, on Mr. Raymond Fobbs.

## RESPONSE TO INTERROGATORY NO. 12:

The answering defendant and their attorney object to the Interrogatory, as the use of the phrase "please explain why you failed to video the use of chemical agents on August 21, 2011, on Mr. Raymond Fobbs," infers that Louisiana State Penitentiary has a policy of recording all instances wherein chemical agents are used on inmates. The prison does not have such a policy.

**The Defendants Reserve the Right to Supplement and/or Amend these Discovery Responses.**

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: _____
Stacey Johnson
Bar Roll No. 27331
Assistant Attorney General

Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6402

---

[3] Federal Rules of Evidence Rule 404.

10

Facsimile: (225) 326-6495
Johnsonst@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, a copy of the foregoing Defendant's Answers to

Plaintiff's First Set of Interrogatories mailed by United States Postal Service, via Certified Mail,

Return Receipt No. 7011 3500 0003 2439 4183, to:

Donna Grodner
Grodner Law Firm
2223 Quail Run Drive, Suite B
Baton Rouge, LA  70808

Stacey Johnson # 27331
Attorney for Defendant

11