

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

**State of Louisiana**
DEPARTMENT OF JUSTICE
P.O. BOX 94005
**BATON ROUGE**
70804-9005



RECEIVED
NOV 1 4 2012
BY: _____

November 13, 2012

**VIA CERTIFIED MAIL RETURN RECEIPT NO.**
**7011 3500 0003 2439 4251**

Donna Grodner
Attorney at Law
2223 Quail Run Drive, Suite B
Baton Rouge, Louisiana 70808

> RE:   *Raymond C. Fobbs #130215 v. Daniel Davis, et al.*
> USDC Suit No: USM-11-700
> ORM No. 12G0118FO7722
> FARA No. 3393950

Dear Ms. Grodner:

Enclosed, please find the defendants' *second supplemental* responses to plaintiff's First Set of Interrogatories Nos. 3 and 7 and Request for Production of Document No. 13, as well as the defendants' Notice of Designation of Expert.

Please contact me at (225) 326-6402 if you have any questions.

Sincerely,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: _____
STACEY JOHNSON
ASSISTANT ATTORNEY GENERAL

Enclosures

RECEIVED

NOV 1 4 2012

BY:

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS #130215        :        CIVIL ACTION

       :        NUMBER: 11-700-BAJ-SCR

VERSUS

       :        JUDGE JACKSON

DANIEL DAVIS, ET AL.        :        MAGISTRATE RIEDLINGER

## DEFENDANTS' *SECOND SUPPLEMENTAL* ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, come defendants, Daniel Davis, John Sanders, Edward Mayhall and Tobe Momah, who answer plaintiff's First Set of Interrogatories as follows:

### INTERROGATORY NO. 3:

Please list any and all documentary evidence which you may introduce at trial; fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

### RESPONSE TO INTERROGATORY NO. 3:

The answering defendants and their attorney object to this Interrogatory in that the information sought, particularly use of the phrase "fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each

1

document and" is unduly burdensome and irrelevant *because the documents clearly speak for themselves.*

Without waiving said objection, see Exhibit A. (A signed copy of Dr. Hines' report will be forwarded to you as soon as I receive it).

**INTERROGATORY NO. 7:**

Please identify each expert you have contracted in this matter and for each you may call on the trial of this matter and provide the following:

    a. list of each opinion;

    b. list of each fact relied upon for each opinion;

    c. all studies and/or test relied upon for each opinion;

    d. rate of compensation paid and/or owing for services; and

    e. list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

**RESPONSE TO INTERROGATORY NO. 7:**

Dr. William Hines. See Exhibit A. (A signed copy of Dr. Hines' report will be forwarded to you as soon as I receive it).

**The Defendants Reserve the Right to Supplement and/or Amend these Discovery Responses.**

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: _____
Stacey Johnson
Bar Roll No. 27331

2

Assistant Attorney General

Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6402
Facsimile: (225) 326-6495
Johnsonst@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, a copy of the foregoing Defendants' *Second*

*Supplemental* Answers to Plaintiff's First Set of Interrogatories mailed by United States Postal

Service, via Certified Mail, Return Receipt No. 7011 3500 0003 2439 4251, to:

Donna Grodner
Grodner Law Firm
2223 Quail Run Drive, Suite B
Baton Rouge, LA 70808

Stacey Johnson # 27331
Attorney for Defendant

3

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS #130215              :        CIVIL ACTION

                                     :        NUMBER: 11-700-BAJ-SCR

VERSUS

                                     :        JUDGE JACKSON

DANIEL DAVIS, ET AL.                 :        MAGISTRATE RIEDLINGER

## DEFENDANTS' *SECOND SUPPLEMENTAL* ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, come defendants, Daniel Davis, John Sanders, Edward Mayhall and Tobe Momah, who answer plaintiff's First Set of Requests for Production of Documents as follows:

## PRODUCTION OF DOCUMENT NO. 13:

Please produce any exhibits which you may offer at the trial of this matter.

## RESPONSE TO PRODUCTION OF DOCUMENT NO. 13:

See Exhibit A. (A signed copy of Dr. Hines' report will be forwarded to you as soon as I receive it).

**The Defendants Reserve the Right to Supplement and/or Amend these Discovery Responses.**

Respectfully submitted.

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY: _____
     Stacey Johnson
     Bar Roll No. 27331
     Assistant Attorney General

1

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS #130215      :      **CIVIL ACTION**

     :      **NUMBER: 11-700-BAJ-SCR**

**VERSUS**

     :      **JUDGE JACKSON**

**DANIEL DAVIS, ET AL.**      :      **MAGISTRATE RIEDLINGER**

## NOTICE OF DESGINATION OF EXPERT

**NOW INTO COURT,** through undersigned counsel, comes the defendants, Daniel Davis, John Sanders, Edward Mayhall and Tobe Momah, who pursuant to Federal Rules of Civil Procedure Rule 26, respectfully represent the following:

The defendants have designated the following individual to serve as an expert witness in this matter:

Dr. William H. Hines
Pulmonology Medicine / Critical Care
The Baton Rouge Clinic
7373 Perkins Road
Baton Rouge, Louisiana 70808

*Dr. Hines' testimony will include, but will not be limited to, testimony regarding:*

1. the nature of plaintiff's asthma

2. the effects fumes and chemicals has on Mr. Fobbs

3. how smoking cigarettes affects plaintiff's condition

4. whether cigarette smoke is considered a fume

5. whether plaintiff violates his duty status when he smokes

6. whether plaintiff received appropriate medical treatment on August 21, 2011

1

7. whether exposure to mace on August 21, 2011 is any worse than plaintiff smoking cigarettes consistently

8. His opinion regarding the plaintiff's diagnoses before and after the alleged events giving rise to the lawsuit and the meaning of notations in the medical records.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

BY: _____
Stacey Johnson
Bar Roll No. 27331
Assistant Attorney General

Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6402
Facsimile: (225) 326-6495
Johnsonst@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, a copy of the foregoing Defendants' Notice of Designation of Expert was mailed by United States Postal Service, via Certified Mail, Return Receipt No. 7011 3500 0003 2439 4251, to:

Donna Grodner
Grodner Law Firm
2223 Quail Run Drive, Suite B
Baton Rouge, LA 70808

_____
Stacey Johnson # 27331
Attorney for Defendant

2

# CURRICULUM VITAE

| | | |
|---|---|---|
| **NAME:** | William H. Hines, M.D., FCCP | |
| **DATE OF BIRTH:** | Baton Rouge, Louisiana | |
| **ADDRESS:** | | |
| **CIVIL STATUS:** | Married          four children | |
| **MEDICAL EDUCATION:** | Louisiana State University | |
| | New Orleans, Louisiana | 6/75 – 6/78 |
| **INTERNSHIP/ RESIDENCY:** | Bowman-Gray School of Medicine | |
| | Wake Forest University | |
| | (North Carolina Baptist Hospital) | |
| | Winston-Salem, North Carolina | |
| | Internal Med. Internship & Residency | 7/78 – 6/81 |
| | Tulane University School of Medicine | |
| | New Orleans, Louisiana | |
| | Fellowship, Pulmonology & Crit. Care | 6/81 – 6/83 |
| **WORK HISTORY:** | Pulmonary Disease Clinic | |
| | 7777 Hennessy Blvd., Ste. 701 | |
| | Baton Rouge, LA 70808 | 7/84 – 11/07 |
| | The Baton Rouge Clinic, AMC | |
| | 7373 Perkins Road | |
| | Baton Rouge, LA 70808 | 12/1/07 - present |
| **CERTIFICATIONS:** | American Board of Internal Med. | 9/1981 (no expiration) |
| | American Board of Pulmonary Disease | 11/1984 (no expiration) |
| | American Board of Int. Med. (Crit. Care) | 11/1987 (thru 12/97) |
| **SOCIETIES:** | East Baton Rouge Parish Medical Society | |
| | Louisiana State Medical Society | |
| | American College of Chest Physicians (Fellow) | |
| **CLINICAL APPOINTMENTS:** | Our Lady of the Lake Regional Medical Center (Active) | |
| | Baton Rouge General Medical Center (Active) | |



STATE'S
EXHIBIT
A

Dr. William Hines
7373 Perkins Rd
Baton Rouge, LA 70808
(225) 246-9271

## DEPOSITIONS, MEDICAL PANELS, etc.

- Deposition Rate        $650.00/hr (one hour minimum)
- Court Appearance       $450.00/hr (one hour minimum)
- Medical Panel          $450.00/hr (one hour minimum)
- Chart Review           $500.00/hr (one hour minimum)
- Conference Call        $500.00/hr (one hour minimum)
- Prep Time              $300.00/hr (one hour minimum)

Payment is required at time of service. Make payable to Dr. William Hines

Page Two

irritating or offensive. The smoke of a cigarette would certainly be considered a fume and would likely contribute to the worsening of one's respiratory status. The patient's duty status restricts him from fumes, however, the patient violates his duty status each time that he smokes. The record states that the patient was exposed to Mace on 8/21/11. Mace is a respiratory irritant and I would agree that his duty status was violated with that exposure. It appears that after exposure to Mace that the patient had an exacerbation of his asthma. It is of note that the patient had multiple exacerbations over the years without exposure to Mace. In light of his chronic asthmatic condition, any exposure to Mace would be considered too much.

I reviewed the record regarding the medical treatment of the inmate. In my expert opinion, I feel that he received appropriate treatment for his asthma on the day of the incident. In fact, he received appropriate treatment many times prior to the incident. The record would suggest that the patient did, in fact, have an asthma attack on the day of the incident. In regard to your inquiry as to whether asthma can improve over time, the answer is yes. The factors that aid in improvement of that condition are smoking cessation, avoidance of precipitators, and regular use of controller medication. It appears that over time the plaintiff's condition has actually improved as judged by the amount of medication that is required to control his condition. I do not have an opinion as to why I think the plaintiff's permanent duty status order from Rayburn Correctional Center specifically states he is not to be exposed to chemical agents. Chemical agents is a broad term. Some chemical agents are not precipitators of bronchospasm where as others are. Those chemical agents that are known respiratory irritants would be substances that the plaintiff should be shielded from.

The plaintiff, in my opinion, has little basis for his case. He has continued to smoke over the years which is a respiratory irritant and is linked with progressive pulmonary function decline. There is suggestion in the record that he has, from time to time, been non-compliant with use of regular medication for his asthma. Where as exposure to Mace may have precipitated an asthma exacerbation, it appears though that over the years that he has had multiple exacerbations. It would be my opinion that the exposure to Mace was no worse than him smoking cigarettes consistently. It also appears that he recovered well from that incident with the appropriate treatment administered by the medical staff. Without personally examining this plaintiff and/or doing pulmonary function studies on him, I am unable to make further statement regarding his physical condition.

Thank you for the opportunity of evaluating these records.

Sincerely,

William H. Hines, M.D., F.C.C.P.

WHH/sw
DR: 11/8/12
DT: 11/8/12

THE
BATON
ROUGE
CLINIC
AMC

7373 Perkins Road • Baton Rouge, Louisiana 70808-4326 • 225/769-4044

November 8, 2012

Ms. Stacy Johnson
Assistant Attorney General
Civil Rights Section, Litigation Division
State of Louisiana
Department of Justice
P.O. Box 94005
Baton Rouge, La. 70804-0006

Re: Case of Raymond Fobbs vs. Daniel Davis, et al

Dear Ms. Johnson:

I have had the opportunity to review the records that you supplied to me regarding this case. I have reviewed the prisoner's records in toto. I am, therefore, prepared to answer the questions that you posed to me. In regard to a complete statement of all opinions, I will express at trial and the basis and reasons for them that is difficult to state because I do not know what the questions are that I will be asked. The data that was reviewed that helped me form my opinion are the medical records of the prisoner. The only exhibits that I would use to summarize or support my opinions are the records themselves. My qualifications are that I am a board certified internist and pulmonary specialist. I have been practicing pulmonary medicine in the Baton Rouge area for nearly thirty years. I have solely practiced medicine over that period of time and have not submitted any publications, at least in the last ten years. In regard to supplying a list of cases which I have reviewed over the past four years, I am unable to do so. In the last four years I have not been an expert at trial, but have had several depositions regarding my opinion. These have both been for the plaintiff and for the defendant. As per our agreement, my compensation to be paid for review of the records and an opinion and testimony in this case is $500 per hour.

In regard to the severity of the plaintiff's asthma, I can only go by what the record would suggest and that is that the patient has mild persistent asthma. He required regular treatment and did not require hospitalization and had had no history that I could see of respiratory failure. He did require treatment with corticosteroids periodically over the years of his incarceration. It is my understanding that the patient is a consistent cigarette smoker. As you might expect, this habit is deleterious to the respiratory health of any individual. I would expect that it would contribute to exacerbation of his asthma and the requirement for continued medication. I note that the patient has been put on some restriction to avoid fumes and chemicals. A fume is a smoke, vapor, or gas that has some noxious qualities, i.e.

DEPARTMENT OF PULMONOLOGY & CRITICAL CARE

William H. Hines, M.D.
Robert C. Hinkle, M.D.
Mark K. Hodges, M.D.
Michael P. McCarthy, M.D.

- Allergy & Immunology
- Dermatology
- Endocrinology
- Gastroenterology
- Internal Medicine
- Neurology
- Otolaryngology
  (Ear, Nose & Throat)

- Pediatric Neurology
- Pediatrics
- Pulmonology &
  Critical Care
- Radiology
- Rheumatology
- Surgery
- Urology