```
*************** -COMM. JOURNAL- ******************** DATE NOV-26-2012 ***** TIME 07:35 ********

    MODE = MEMORY TRANSMISSION              START=NOV-26 07:31    END=NOV-26 07:35

      FILE NO.=192

STN    COMM.     ONE-TOUCH/    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.              ABBR NO.

001    OK        ♂            ◆ 3266495                                   006/006    00:01:39


***** e-STUDIO190F ***************** -GRODNER & ASSOC - ***** -          225 769 1997- *********
```



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

**DONNA GRODNER**
Serious Personal Injury Attorney

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

November 26, 2012

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:    Fobbs v. Maj. Daiel Davis; Capt John Snaders; Sgt. Mayhall; and Dr. Momah Tohe,
       11-00700 (MDLA)

Dear Ms. Johnson:

Please find *Plaintiff's Third Interrogatories and Request for Production of Documents to Defendant*, which we are this day serving upon each of your clients through you by fax.

Sincerely,

Donna Grodner



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

Serious Personal Injury Attorney
**DONNA GRODNER**

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

November 26, 2012

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:    Fobbs v. Maj. Daiel Davis; Capt John Snaders; Sgt. Mayhall; and Dr. Momah Tobe,
       11-00700 (MDLA)

Dear Ms. Johnson:

Please find *Plaintiff's Third Interrogatories and Request for Production of Documents to Defendant*, which we are this day serving upon each of your clients through you by fax.

Sincerely,

Donna Grodner

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS       \*    CIVIL ACTION 3:11-CV-00700
             \*
             \*
V.              \*
             \*
MAJOR DANIEL DAVIS;      \*
CAPTAIN JOHN SANDERS;     \*    CHIEF JUDGE JACKSON
SERGEANT MAYHALL,      \*
DR. MOMAH TOBE       \*    MAGISTRATE RIEDLINGER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S THIRD INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:   MAJOR DANIEL DAVIS
   CAPTAIN JOHN SANDERS
   SERGEANT MAYHALL AND
   DR. MOMAH TOBE



Now comes plaintiff(s), through undersigned counsel, and propounds to EACH defendant(s), the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Federal Rules of Civil Procedure, within 30 days after service; and in default of their full, complete, and timely answer, plaintiff(s) demand that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

This discovery is to be deemed continuing and is to be supplemented, without the necessity of propounding additional discovery, at any time additional information may be obtained. The answer(s) to this discovery is to be signed by the person making them.

### DEFINITIONS

As used in these interrogatories and requests for production of

documents, the terms listed below are defined as follows:

1.    The words **"you"** and **"your"** refer to the above named defendant, to whom this discovery is propounded, any officer agent or employee thereof, and any predecessor corporation or entity.

2.    **"Document"** means, without limitation as to date, any of the following items, whether printed or recorded or reproduced by any physical or mechanical process:  data stored on computers, tapes, disks, punch cards, or printouts; papers of any type; books, newspapers, professional journals, magazines and periodicals, and articles appearing therein; lists, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, agendas, minutes, diaries, calendars, objects, tangible things, correspondence, telegrams, cables, telex messages, facsimiles, charts, graphs, maps, reports, notebooks, summaries or reports of consultants, photographs, videotapes, audio tapes, films, demonstrative aids, photographic negatives, photographic slides, patents, patent applications, movies, microfilm, microfiche, brochures, pamphlets, advertisements, circulars, fliers, press releases, drafts, letters, medical records and charts, prescriptions, labels, packaging inserts, medical device labeling, invoices and receipts.  Any document differing in any manner from another document (for example, a draft, a copy with non-conforming marginal notations, or a copy with different attachments or entries) is treated as a separate document; each such separate document must be noted in these answers.  Document includes records now, or that have been at anytime in the past, in the possession of defendant, of which you have knowledge, or which are now or were formally in your actual or constructive possession, custody or control.

3.    **"Possession"**, **"custody"** or **"control"** includes the joint or several possession, custody or control not only by the plaintiff to whom these interrogatories are addressed, but only the joint or several possession, custody or control by each plaintiff or any other person acting or purporting to act on behalf of the plaintiff, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

4.    The term **"statement"** shall mean an oral or written assertion or nonverbal conduct of a person, if it is/was intended by him as an assertion.

5.    The terms **"regarding"** and **"relating to"** shall be interpreted broadly, including both explicit and implicit reference, and meaning

2

without limitation referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

6.    **"Person"**, **"persons"**, or **"people"** means any natural person, firm, corporation, partnership, partnership in-commend am, proprietorship, joint venture, limited liability company, organization, group of natural persons, or other associations separately identifiable, regardless of whether such association has a separate juristic existence in its own right.

7.    **"Identify"**, **"identity"** and **"identification"** when referring to a person shall mean by name, physical and mailing address, phone number and relationship with defendant, job title and professional status.

8.    **"Identify"**, **"identity"** and **"identification"** when used to refer to a document, means to state the subject of the document; the title of the document; the type of document (e.g., letter, memorandum, telegram, chart); the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such.

9.    Use of the singular form shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders. **"And"** as well as **"or"** shall be construed as either disjunctive or conjunctive so as to permit the broadest scope possible.

### INSTRUCTIONS

(1)    If the defendant is unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

(2)    If the attorney-client privilege, "work-product" limited

3

immunity, or other privileges claimed as to any communication or document, state the date of such document or communication; identify the person(s) who authorized, prepared or participated in preparing such document or communication and identify the person(s) to whom it was directed, sent or circulated, identify the person(s) now in possession of such document or who knows the content of such communication, and state the general subject matter of the document or communication, and the basis for the claim of privilege as to each said document or communication.

## INTERROGATORIES

### INTERROGATORY NUMBER 1.:

Provide the names of the imates at Camp C, Tiger 1, Administrative Segregation on August 21, 2011.

Respectfully submitted:
By Donna Grodner

s/Donna Grodner
Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
GRODNER LAW FIRM
2223 Quail Run Drive, Suite B-1
Baton Rouge, Louisiana 70808
(225)769-1919  FAX 769-1997

Certificate

I do hereby certify that I have served the below listed counsel via fax or email on November 26, 2012.

4

Donna U. Grodner

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402  fax 225.326.6495
johnsonst@ag.state.la.us

5