```
**************** -COMM. JOURNAL- ******************** DATE NOV-13-2012 ***** TIME 03:17 ********

        MODE = MEMORY TRANSMISSION              START=NOV-13 03:15      END=NOV-13 03:17

            FILE NO.=040

STN    COMM.    ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.             ABBR NO.

001     OK         ⌐          3266495                                  009/009    00:01:24
```

```
***** e-STUDIO190F ****************** -GRODNER & ASSOC - ***** -        225 769 1997- **********
```



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

Serious Personal Injury Attorney
**DONNA GRODNER**

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

November 13, 2012

Stacey Johnson
Assistant Attorney General
Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:  Fobbs v. Maj. Daniel Davis; Capt John Sanders; Sgt. Mayhall; and Dr. Momah Tobe,
     11-00700 (MDLA)

Dear Ms. Johnson:

     Thank you for *Defendants' Answers to Plaintiff's First Interrogatories and Request for Production of Documents to Defendant.*

     We have now been served with Exhibits K or L.

     Exhibit K is an affidavit that explains that Eli Wilson attesting to the fact that the photographs and investigative file for Raymond Fobbs of the August 21, 2011, incident are "missing". We are submitting additional discovery directed to these items record retention policies prior to filing any motion to compel.

     Exhibit L is an affidavit of Ms. Angela Butler attesting to the fact that the gas logs for Camp C for the Tiger Unit form August 21, 2011 at the Cap C Entrance Building and the Archives Building are "missing". We have been informed that the log book has since been "located". We have requested to view the original of the log book. We are submitting additional discovery directed to this record prior to filing any motion to compel.

Grodner Law Firm
2223 Quail Run Drive, Suite B    Baton Rouge, LA 70808    T: 225.769.1919    F: 225.769.1997
Toll Free: 866.769.1845    W: www.grodnerlaw.com



Donna U. Grodner
Marcus J. Plaisance
Blake S. Leger

dgrodner@grodnerlaw.com
mplaisance@grodnerlaw.com
bleger@grodnerlaw.com

Serious Personal Injury Attorney
**DONNA GRODNER**

November 13, 2012

Stacey Johnson
Assistant Attorney General
Louisiana Dept. of Justice
Litigation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

Re:    <u>Fobbs v. Maj. Daniel Davis; Capt John Sanders; Sgt. Mayhall; and Dr. Momah Tobe,</u>
        11-00700 (MDLA)

Dear Ms. Johnson:

Thank you for *Defendants' Answers to Plaintiff's First Interrogatories and Request for Production of Documents to Defendant.*

We have now been served with Exhibits K or L.

Exhibit K is an affidavit that explains that Eli Wilson attesting to the fact that the photographs and investigative file for Raymond Fobbs of the August 21, 2011, incident are "missing". We are submitting additional discovery directed to these items record retention policies prior to filing any motion to compel.

Exhibit L is an affidavit of Ms. Angela Butler attesting to the fact that the gas logs for Camp C for the Tiger Unit form August 21, 2011 at the Cap C Entrance Building and the Archives Building are "missing". We have been informed that the log book has since been "located". We have requested to view the original of the log book. We are submitting additional discovery directed to this record prior to filing any motion to compel.

MAJOR DANIEL DAVIS
CAPTAIN JOHN SANDERS
SERGEANT MAYHALL
DR. MOMAH TOBE

**REQUEST FOR PRODUCTION NUMBER 9:**
Please produce a copy of YOUR driver's license.
**REQUEST FOR PRODUCTION NUMBER 10:**
Please produce YOUR personnel file including all disciplinary action.
**REQUEST FOR PRODUCTION NUMBER 11:**
Please produce each Employee Rule Violation Report in which YOUR name appears.

We understand that a motion to compel will be necessary to obtain these materials.

Again, your client has refused to produce these matters on the basis of relevance. We believe that these same actors have repeatedly committed these same acts on multiple inmates and that complaints have filed. To the extent that you are claiming qualified immunity, reasonableness of their actions is at issue. Additionally, your clients are claiming they did not wrongfully administer chemical agents or administer corporal punishment or use unnecessary and excessive force. We believe the evidence will show pattern, practice and/or habit. Finally, we have asserted a claim for punitive damages asserting a callous disregard and wanton and reckless disregard for the federally protected rights of an inmate. Repeat behavior is relevant to deterrence. Please produce the documents.

**REQUEST FOR PRODUCTION NUMBER I.:**

Please produce the La. DOC Corrections Services Employee Manual and each of your Department Regulations and each Institutional Policy.

Your client has agreed to produce the Use of Force Policy C-02-006.
Your client has agreed to produce the policy on use of chemical agents.
Your client has agreed to produce the policy on strip searching inmates.

We will propound additional discovery on the record retention policies.

**INTERROGATORY NUMBER II**

Please identify and describe in detail any person who may have or claims to have knowledge of the incident/accident or any of the events leading up to the accident or related events occurring thereafter. As to each such person, please state the full name, address (business and home), telephone number (business and home) and occupation including place of employment (address and telephone number) and rank or title if applicable.

Your client has agreed to supplement this response to provide more information and

you will agree to accept service of process for any person for whom you do not provide a home address.

### INTERROGATORY NUMBER 5:

Please "identify" all inmates on the prison year Camp C on August 21, 2011, around 3:00 to 4:00 p.m.

Your client has agreed to produce a shower or other list identifying those inmates at Camp C on August 21, 2011.

If we have inaccurately represented your discussion, forgive us and correct us.

Sincerely,

Donna Grodner

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS                    *        CIVIL ACTION 3:11-CV-00700
                                   *
V.                                 *
                                   *
MAJOR DANIEL DAVIS;                *
CAPTAIN JOHN SANDERS;              *        CHIEF JUDGE JACKSON
SERGEANT MAYHALL,                  *
DR. MOMAH TOBE                     *        MAGISTRATE RIEDLINGER

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S SECOND INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:    MAJOR DANIEL DAVIS
       CAPTAIN JOHN SANDERS
       SERGEANT MAYHALL AND
       DR. MOMAH TOBE

Now comes plaintiff(s), through undersigned counsel, and propounds to EACH defendant(s), the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Federal Rules of Civil Procedure, within 30 days after service; and in default of their full, complete, and timely answer, plaintiff(s) demand that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

This discovery is to be deemed continuing and is to be supplemented, without the necessity of propounding additional discovery, at any time additional information may be obtained. The answer(s) to this discovery is to be signed by the person making them.

### DEFINITIONS

As used in these interrogatories and requests for production of

documents, the terms listed below are defined as follows:

1.    The words **"you"** and **"your"** refer to the above named defendant, to whom this discovery is propounded, any officer agent or employee thereof, and any predecessor corporation or entity.

2.    **"Document"** means, without limitation as to date, any of the following items, whether printed or recorded or reproduced by any physical or mechanical process:  data stored on computers, tapes, disks, punch cards, or printouts; papers of any type; books, newspapers, professional journals, magazines and periodicals, and articles appearing therein; lists, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, agendas, minutes, diaries, calendars, objects, tangible things, correspondence, telegrams, cables, telex messages, facsimiles, charts, graphs, maps, reports, notebooks, summaries or reports of consultants, photographs, videotapes, audio tapes, films, demonstrative aids, photographic negatives, photographic slides, patents, patent applications, movies, microfilm, microfiche, brochures, pamphlets, advertisements, circulars, fliers, press releases, drafts, letters, medical records and charts, prescriptions, labels, packaging inserts, medical device labeling, invoices and receipts. Any document differing in any manner from another document (for example, a draft, a copy with non-conforming marginal notations, or a copy with different attachments or entries) is treated as a separate document; each such separate document must be noted in these answers. Document includes records now, or that have been at anytime in the past, in the possession of defendant, of which you have knowledge, or which are now or were formally in your actual or constructive possession, custody or control.

3.    **"Possession"**, **"custody"** or **"control"** includes the joint or several possession, custody or control not only by the plaintiff to whom these interrogatories are addressed, but only the joint or several possession, custody or control by each plaintiff or any other person acting or purporting to act on behalf of the plaintiff, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

4.    The term **"statement"** shall mean an oral or written assertion or nonverbal conduct of a person, if it is/was intended by him as an assertion.

5.    The terms **"regarding"** and **"relating to"** shall be interpreted broadly, including both explicit and implicit reference, and meaning

2

without limitation referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

6.    **"Person"**, **"persons"**, or **"people"** means any natural person, firm, corporation, partnership, partnership in-commend am, proprietorship, joint venture, limited liability company, organization, group of natural persons, or other associations separately identifiable, regardless of whether such association has a separate juristic existence in its own right.

7.    **"Identify"**, **"identity"** and **"identification"** when referring to a person shall mean by name, physical and mailing address, phone number and relationship with defendant, job title and professional status.

8.    **"Identify"**, **"identity"** and **"identification"** when used to refer to a document, means to state the subject of the document; the title of the document; the type of document (e.g., letter, memorandum, telegram, chart); the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such.

9.    Use of the singular form shall be deemed to include the plural and vice versa.  Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders.  **"And"** as well as **"or"** shall be construed as either disjunctive or conjunctive so as to permit the broadest scope possible.

### INSTRUCTIONS

(1)    If the defendant is unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

(2)    If the attorney-client privilege, "work-product" limited

3

immunity, or other privileges claimed as to any communication or document, state the date of such document or communication; identify the person(s) who authorized, prepared or participated in preparing such document or communication and identify the person(s) to whom it was directed, sent or circulated, identify the person(s) now in possession of such document or who knows the content of such communication, and state the general subject matter of the document or communication, and the basis for the claim of privilege as to each said document or communication.

## INTERROGATORIES

**INTERROGATORY NUMBER 1.:**

We have been informed that the investigative file for the incident of August 21, 2011, concerning Mr. Fobbs is "missing". Please prodive the following:

    a.    identify each person who handled the file;

    b.    identify each person who contributed to the file and describe the substance of that contribution of each; and

    c.    provide a chain of custody in chronological order.

**INTERROGATORY NUMBER 2.:**

We have been informed that the photographs taken of Mr. Fobbs after the incident of August 21, 2011, are "missing". Please prodive the following:

4

a.      identify each person who took the photos;

b.      identify each person who handed the photos and what each did with the photos or images;

c.      provide a chain of custody.

**INTERROGATORY NUMBER 3.:**

We have been informed that the gas log book for the cannister that was sprayed on Mr. Fobbs during the incident of August 21, 2011, is "missing". Please prodive the following:

a.      identify each person who handled the book after that date;

b.      identify each person who contributed to the book and describe the substance of that contribution of each; and

c.      provide a chain of custody for the log book in chronological order.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NUMBER 1.:**

Please procude all DOC and LSP Regulations/Rules related to or regarding the document or evidence retention policy.

Respectfully submitted:
By Donna Grodner

s/Donna Grodner
Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
GRODNER LAW FIRM
2223 Quail Run Drive, Suite B-1
Baton Rouge, Louisiana 70808
(225)769-1919  FAX 769-1997

5

## Certificate

I do hereby certify that I have served the below listed counsel via fax or email on November 13, 2012.

_____
Donna U. Grodner

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402  fax 225.326.6495
johnsonst@ag.state.la.us

6