THE
# BATON ROUGE CLINIC
AMC

7373 Perkins Road • Baton Rouge, Louisiana 70808-4326 • 225/769-4044

November 8, 2012

Ms. Stacy Johnson
Assistant Attorney General
Civil Rights Section, Litigation Division
State of Louisiana
Department of Justice
P.O. Box 94005
Baton Rouge, La. 70804-0006

Re: Case of Raymond Fobbs vs. Daniel Davis, et al

Dear Ms. Johnson:

I have had the opportunity to review the records that you supplied to me regarding this case. I have reviewed the prisoner's records in toto. I am, therefore, prepared to answer the questions that you posed to me. In regard to a complete statement of all opinions, I will express at trial and the basis and reasons for them that is difficult to state because I do not know what the questions are that I will be asked. The data that was reviewed that helped me form my opinion are the medical records of the prisoner. The only exhibits that I would use to summarize or support my opinions are the records themselves. My qualifications are that I am a board certified internist and pulmonary specialist. I have been practicing pulmonary medicine in the Baton Rouge area for nearly thirty years. I have solely practiced medicine over that period of time and have not submitted any publications, at least in the last ten years. In regard to supplying a list of cases which I have reviewed over the past four years, I am unable to do so. In the last four years I have not been an expert at trial, but have had several depositions regarding my opinion. These have both been for the plaintiff and for the defendant. As per our agreement, my compensation to be paid for review of the records and an opinion and testimony in this case is $500 per hour.

In regard to the severity of the plaintiff's asthma, I can only go by what the record would suggest and that is that the patient has mild persistent asthma. He required regular treatment and did not require hospitalization and had had no history that I could see of respiratory failure. He did require treatment with corticosteroids periodically over the years of his incarceration. It is my understanding that the patient is a consistent cigarette smoker. As you might expect, this habit is deleterious to the respiratory health of any individual. I would expect that it would contribute to exacerbation of his asthma and the requirement for continued medication. I note that the patient has been put on some restriction to avoid fumes and chemicals. A fume is a smoke, vapor, or gas that has some noxious qualities, i.e.



---

DEPARTMENT OF PULMONOLOGY & CRITICAL CARE


William H. Innes, M.D.
Robert C. Hinkle, M.D.
Mark K. Hodges, M.D.
Michael P. McCarthy, M.D.

- Allergy & Immunology
- Dermatology
- Endocrinology
- Gastroenterology
- Internal Medicine
- Neurology
- Otolaryngology
  (Ear, Nose & Throat)

- Pediatric Neurology
- Pediatrics
- Pulmonology & Critical Care
- Radiology
- Rheumatology
- Surgery
- Urology

Page Two

irritating or offensive. The smoke of a cigarette would certainly be considered a fume and would likely contribute to the worsening of one's respiratory status. The patient's duty status restricts him from fumes, however, the patient violates his duty status each time that he smokes. The record states that the patient was exposed to Mace on 8/21/11. Mace is a respiratory irritant and I would agree that his duty status was violated with that exposure. It appears that after exposure to Mace that the patient had an exacerbation of his asthma. It is of note that the patient had multiple exacerbations over the years without exposure to Mace. In light of his chronic asthmatic condition, any exposure to Mace would be considered too much.

I reviewed the record regarding the medical treatment of the inmate. In my expert opinion, I feel that he received appropriate treatment for his asthma on the day of the incident. In fact, he received appropriate treatment many times prior to the incident. The record would suggest that the patient did, in fact, have an asthma attack on the day of the incident. In regard to your inquiry as to whether asthma can improve over time, the answer is yes. The factors that aid in improvement of that condition are smoking cessation, avoidance of precipitators, and regular use of controller medication. It appears that over time the plaintiff's condition has actually improved as judged by the amount of medication that is required to control his condition. I do not have an opinion as to why I think the plaintiff's permanent duty status order from Rayburn Correctional Center specifically states he is not to be exposed to chemical agents. Chemical agents is a broad term. Some chemical agents are not precipitators of bronchospasm where as others are. Those chemical agents that are known respiratory irritants would be substances that the plaintiff should be shielded from.

The plaintiff, in my opinion, has little basis for his case. He has continued to smoke over the years which is a respiratory irritant and is linked with progressive pulmonary function decline. There is suggestion in the record that he has, from time to time, been non-compliant with use of regular medication for his asthma. Where as exposure to Mace may have precipitated an asthma exacerbation, it appears though that over the years that he has had multiple exacerbations. It would be my opinion that the exposure to Mace was no worse than him smoking cigarettes consistently. It also appears that he recovered well from that incident with the appropriate treatment administered by the medical staff. Without personally examining this plaintiff and/or doing pulmonary function studies on him, I am unable to make further statement regarding his physical condition.

Thank you for the opportunity of evaluating these records.

Sincerely,

William H. Hines, M.D., F.C.C.P.

WHH/sw
DR: 11/8/12
DT: 11/8/12