UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS          *        CIVIL ACTION 3:11-CV-00700
                          *
v.                        *
                          *        JUDGE
MAJOR DANIEL DAVIS;       *        JOHN W. DEGRAVELLES
CAPTAIN JOHN SANDERS;     *
SERGEANT MAYHALL,         *        MAGISTRATE JUDGE
DR. MOMAH TOBE            *        STEPHEN C. RIEDLINGER
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS
AND WITNESSES**

NOW INTO COURT through undersigned counsel comes the Mr. Fobbs who pursuant to FRE Rules 103, 104, 105, 401, 402 and 403, seeks to prohibit the Defendants from offering Defense Exhibits 1, 2, 3, 5, 6, 7, 9, 10, 11, 18, 21.  Mr. Fobbs further, pursuant to FRE Rule 602 seeks to strike Defense witnesses including Cassandra Temple, LaToya Dennis, and Jeffrey Franklin from the trial of this matter:

1.

**Defense Exhibit 1** is the Daniel Davis Training Transcript, which is a certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

2.

**Defense Exhibit 2** is the Edward Mayhall Training Transcript, which is a certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

3.

**Defense Exhibit 3** is the John Sanders Training Transcript, which is a

certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

4.

**Defense Exhibit 5** is letter from Dr. Hines to Stacey Johnson, which is hearsay and inadmissible.

5.

**Defense Exhibit 6**, pages 1-2, are letters from Dr. Roundtree to Stacey Johnson, which are hearsay and inadmissible.  If Dr. Roundtree is allowed to testify, Mr. Fobbs has no objection to Dr. Roundtree offering a current c.v. provided the current c.v. is produced prior to trial.

6.

**Defense Exhibit 7**, is a certified copy of the duty investigator logbook, which contains hearsay of what another person told the scrivener, who appears to be Cassandra Temple.  The entry of 8/21/11 begins with "Major Davis, Camp C called . . ." The entry appears to document that phone call.  The Record is inadmissible as hearsay.

7.

**Defense Exhibit 9** is a certified copy of a disciplinary report against Raymond Fobbs written by Captain Sanders a Defendant herein. **Exhibits 10 and 11** are certified copies of Unusual Occurrence Reports authored by the Defendants.  **Exhibits 9, 10 and 11** are statements that are only admissible when offered by Mr. Fobbs against the Defendants.  See FCE Rule 801 (d)(2).

8.

2

**Defense Exhibit 18** is a certified copy of a page from a book at LSP, which appears to an excerpt and not the full article or chapter or section. The excerpt taken out of context does not appear to have any relevance to these proceedings or to any fact in dispute.  Mr. Fobbs objects to the page being offered by any witness for any purpose.

9.

**Defense Exhibit 21** is a certified copy of an excerpt of Department Regulation No. B-05-001 regarding Administrative Remedy Procedure, Disciplinary Process.  The ARP process has no relevance to these proceedings and may cause jury confusion.  Mr. Fobbs objects to the exhibit being offered by any witness for any purpose.

10.

**Objection to Witnesses listed**

**Cassandra Temple**

Ms. Cassandra Temple made entries in Defense Exhibit 7 a log book. The information appears to be hearsay.  There is no basis for personal knowledge and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

**LaToya Dennis**

LaToya Dennis appears to be an LSP employee who has no first hand knowledge the incidence.  There is no basis for personal knowledge and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

**Jeffrey Franklin**

Jeffrey Franklin appears to be an LSP employee who has no first

hand knowledge the incidence. There is no basis for personal knowledge and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

WHEREFORE Mr. Fobbs prays that this Court prohibit the Defendants from offering Defense Exhibits 1, 2, 3, 5, 6, 7, 9, 10, 11, 18, 21.

Mr. Fobbs further prays that Defense witnesses be excluded including Cassandra Temple, LaToya Dennis, and Jeffrey Franklin.

Respectfully submitted:
By Donna Grodner

s/Donna Grodner
Donna U. Grodner (20840)
Blake S. Leger (32251)
GRODNER LAW FIRM
2223 Quail Run Drive, Suite B-1
Baton Rouge, Louisiana 70808
(225)769-1919 FAX 769-1997

CERTIFICATE

I hereby certify that on December 29, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna U. Grodner
Donna U. Grodner (20840)

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us

4