UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAYMOND C. FOBBS            *       CIVIL ACTION 3:11-CV-00700
                           *
v.                          *
                           *       JUDGE
MAJOR DANIEL DAVIS;         *       JOHN W. DEGRAVELLES
CAPTAIN JOHN SANDERS;       *
SERGEANT MAYHALL,           *       MAGISTRATE JUDGE
DR. MOMAH TOBE              *       STEPHEN C. RIEDLINGER
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS
AND WITNESSES**

MAY IT PLEASE THE COURT:

Pursuant to FRE Rules 103, 104, 105, 401, 402 and 403, this Court should prohibit the Defendants from offering Defense Exhibits 1, 2, 3, 5, 6, 7, 9, 10, 11, 18, 21.  Pursuant to FRE Rule 602, this Court should further strike Defense witnesses including Cassandra Temple, LaToya Dennis, and Jeffrey Franklin from the trial of this matter as none have personal knowledge of any facts at issue in this trial.

**I.      Strike Defense Exhibits**

**Defense Exhibit 1** is the Daniel Davis Training Transcript, which is a certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

**Defense Exhibit 2** is the Edward Mayhall Training Transcript, which is a certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

**Defense Exhibit 3** is the John Sanders Training Transcript, which is a

certified business record, but which is not self-explanatory and which has not been shown to have been prepared by any person named as a witness in this case and which appears to have no relevance to any fact at issue.

**Defense Exhibit 5** is letter from Dr. Hines to Stacey Johnson, which is hearsay and inadmissible.

**Defense Exhibit 6**, pages 1-2, are letters from Dr. Roundtree to Stacey Johnson, which are hearsay and inadmissible.  If Dr. Roundtree is allowed to testify, Mr. Fobbs has no objection to Dr. Roundtree offering a current c.v. provided the current c.v. is produced prior to trial.

**Defense Exhibit 7**, is a certified copy of the duty investigator logbook, which contains hearsay of what another person told the scrivener, who appears to be Cassandra Temple.  The entry of 8/21/11 begins with "Major Davis, Camp C called . . ." The entry appears to document that phone call.  The Record is inadmissible as hearsay.

**Exhibit 9** is a certified copy of a disciplinary report against Raymond Fobbs written by Captain Sanders a Defendant herein. **Exhibits 10 and 11** are certified copies of Unusual Occurrence Reports authored by the Defendants.  Exhibits 9, 10 and 11 are statements that are only admissible when offered by Mr. Fobbs against the Defendants.  See FCE Rule 801 (d)(2).

Turning to the disciplinary charges and disciplinary report and investigative reports concerning the events, in Johnson v. Cain, (2011 WL 2437608, at *2 (M.D. La. June 17, 2011), the Middle District provided the following in reference to a disciplinary report:

> Finally, the plaintiff seeks exclusion of a disciplinary report authored by defendant Marcus Callahan, dated August 11,

2008. This request shall be granted. Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence. While they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(c), which allows for the admission of "factual findings resulting from an investigation made pursuant to authority granted by law", this exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." In making the "trustworthiness" determination, the focus is on the reports' reliability, *i.e.,* on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon. Moss v. Ole South Real Estate, Inc., 933 F.2d 1300 (5th Cir. 1991). Further, such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein. Cf., Martin v. Strain, 2009 WL 1565869 (E.D. La. June 2, 2009) ("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the inmate and deputy witnesses to the incident, which are contained in the reports, they are not admissible."). This Court has often concluded that disciplinary reports prepared by prison security officers who are named as defendants in litigation do not fit within the exception of Rule 803(8)(c) because they are often self-serving and are inherently untrustworthy. The disciplinary report in the instant case, authored by defendant Marcus Callahan, suffers from this deficiency and also consists of assertions relative to events not personally witnessed by defendant Callahan but told to him by other persons. Accordingly, the report should be excluded. Defendant Callahan may certainly testify as to what he personally observed on August 11, 2008, as to what he was told by the plaintiff (as nonhearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with a disciplinary violation for "Aggravated Fighting" on that date, and as to matters within his personal knowledge. (2011 WL 2437608, at *2 (M.D. La. June 17, 2011).

Accordingly, in line with the ruling in *Johnson*, the disciplinary reports, investigative reports, and disciplinary charges should be excluded as inadmissible hearsay. Nevertheless, the defendants "may certainly testify as to what [they] personally observed [], as to what [they were] told by the plaintiff (as non-hearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with a disciplinary violation for

3

["Contraband," "Defiance," and "Aggravated Disobedience"] on that date, and as to matters within [their] personal knowledge." *Id.*

**Defense Ex 18** is a certified copy of a page from a book at LSP, which appears to an excerpt and not the full article or chapter or section. The excerpt taken out of context does not appear to have any relevance to these proceedings or to any fact in dispute. Mr. Fobbs objects to the page being offered by any witness for any purpose.

**Defense Ex 21** is a certified copy of an excerpt of Department Regulation No. B-05-001 regarding Administrative Remedy Procedure, Disciplinary Process. The ARP process has no relevance to these proceedings and may cause jury confusion. Mr. Fobbs objects to the exhibit being offered by any witness for any purpose.

## II.    Objection to Witnesses listed

Pursuant to FRE Rule 602, this Court should further strike Defense witnesses including Cassandra Temple, LaToya Dennis, and Jeffrey Franklin from the trial of this matter as none have personal knowledge of any facts at issue in this trial.

### Cassandra Temple

Ms. Cassandra Temple made entries in Defense Exhibit 7 a log book. The information appears to be hearsay. There is no basis for personal knowledge and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

### LaToya Dennis

LaToya Dennis appears to be an LSP employee who has no first hand knowledge the incidence. There is no basis for personal knowledge

and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

**Jeffrey Franklin**

Jeffrey Franklin appears to be an LSP employee who has no first hand knowledge the incidence. There is no basis for personal knowledge and testimony from a witness who only has hearsay to offer is a needless consumption of time as such testimony is inadmissible.

WHEREFORE Mr. Fobbs prays that this Court prohibit the Defendants from offering Defense Exhibits 1, 2, 3, 5, 6, 7, 9, 10, 11, 18, 21.

Mr. Fobbs further prays that Defense witnesses be excluded including Cassandra Temple, LaToya Dennis, and Jeffrey Franklin.

Respectfully submitted:
By Donna Grodner

s/Donna Grodner
Donna U. Grodner (20840)
Blake S. Leger (32251)
GRODNER LAW FIRM
2223 Quail Run Drive, Suite B-1
Baton Rouge, Louisiana 70808
(225)769-1919 FAX 769-1997

CERTIFICATE

I hereby certify that on December 29, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna U. Grodner
Donna U. Grodner (20840)

5

Stacey Johnson
Assistant Attorney General
Louisianan Dept. of Justice
Litiation Division
1885 N. 3rd Street, 4th Floor
P.O. Box 94005
Baton Rouge, La 70802
225.326.6402 fax 225.326.6495
johnsonst@ag.state.la.us