UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| RAYMOND C. FOBBS | CIVIL ACTION 3:11-CV-00700 |
|---|---|
| VERSUS | |
| MAJOR DANIEL DAVIS;<br>CAPTAIN JOHN SANDERS;<br>SERGEANT MAYHALL,<br>DR. MOMAH TOBE | JUDGE JOHN DeGRAVELLES<br><br>MAGISTRATE JUDGE<br>STEPHEN C. RIEDLINGER |

## RULING AND ORDER ON MOTIONS IN LIMINE

Before the Court are the following pretrial motions: (1) Plaintiff's Motion in Limine to Exclude Certain Opinions of Dr. Hines (Doc. 122); (2) Plaintiff's Motion In Limine to Exclude Opinion to Be Offered by Dr. Roundtree as an Expert (Doc 123); (3) Plaintiff's Motion in Limine to Exclude Defense Exhibits and Witnesses (Doc. 132) and (4) Defendants' Motion in Limine (Doc. 151). The Court has carefully reviewed these motions and supporting memorandum (Docs. 122-1, 123-1, 134-1 and 151-1), the opposing briefs (Docs. 126, 125, 136 and 165), the reply memoranda (Docs. 137, 139, 171), and Defendants' response to Plaintiff's Reply (Doc. 145). The Court issues the following rulings.

**I.** Plaintiff's Motion in Limine to Exclude Certain Opinions of Dr. Hines (Doc. 122)

Plaintiff seeks to exclude the following two specific statements made by Defendants' expert pulmonologist, William H. Hines, M.D.: "It would be my opinion that the exposure to mace was no worse than him smoking cigarettes consistently…The plaintiff, in my opinion, has little basis for his case." (Doc. 122-2, p. 2).

As to the first statement, the Court denies Plaintiff's motion. Dr. Hines has reviewed Plaintiff's medical records and is an experienced pulmonologist who has treated many kinds of

lung related issues. The Court finds that Plaintiff's objections go more to the weight than the admissibility of the evidence.

The Court grants Plaintiff's motion to exclude the second statement. First, it is not at all clear what Dr. Hines is saying when he states that Plaintiff has "little basis for his case." If he is commenting on the liability issues, his testimony clearly goes far beyond any possible expertise he might possess. If he is talking about Plaintiff's ability to prove medical causation, his opinion is far too broad and is inadmissible.

Fed.R.Evid. 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. C.I.R.*, 98 F.2d 194, 198 (5th Cir. 1996); *See also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

"The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one." *Owen*, 698 F.2d at 240. In *Owen*, the Fifth Circuit explained:

> The example given in the Advisory Committee Notes to Rule 704 is helpful. The question "Did T have capacity to make a will?" should be excluded. The question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of this bounty and [*18] to formulate a rational scheme of distribution?" is permissible. The first question is phrased in such broad terms that it could as readily elicit a legal as well as a fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read. Moreover, allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.

*Id. See also Louisiana Health Care Self Ins. Fund v. United States*, No. CIV.A. 12-766, 2014 WL 4828940, at *7 (M.D. La. Sept. 29, 2014) (same).

Accordingly, the Court grants in part and denies in part Plaintiff's motion. Dr. Hines will be allowed to opine that Plaintiff's exposure to mace was no worse than his consistent smoking. He will not be allowed to testify that Plaintiff's case has "little or no basis" or words to that effect.

**II.** Plaintiff's Motion In Limine to Exclude Opinion to Be Offered by Dr. Roundtree as an Expert (Doc. 123)

Plaintiff seeks to exclude the opinion of Dr. Roundtree that Plaintiff's "chronic exposure duty status [] does not prevent a single exposure to chemical agents used by mace by DOC Security." Plaintiff argues that the report in which this opinion is given is deficient and there is inadequate support for the opinion. The Court has examined the report (Doc. 123-2, p. 1 as supplemented by Doc. 125-1) along with Dr. Roundtree's CV and the other documents and testimony attached to the briefs. The Court finds Dr. Roundtree's statement is adequately supported and accordingly, this motion is denied.

**III.** Plaintiff's Motion in Limine to Exclude Defense Witnesses and Exhibits (Doc. 132)

Plaintiff seeks to exclude eleven exhibits and three witnesses. These will be considered in the order in which they are presented in Plaintiff's motion.

**Exhibits 1, 2 and 3 - David Davis, Edward Mayhall and John Sanders Training Transcripts: Denied**. The kind and amount of training given to each defendant is relevant, and, assuming that these can be properly identified and a proper foundation laid, they will be admitted.

**Exhibits 5 and 6 – The expert reports and CVs of defense experts William Hines and Jonathan Roundtree: Granted in part and denied in part.** The expert reports are hearsay and inadmissible. If necessary, Defendants will be allowed to use these to refresh the witnesses' memories. However, the CVs are relevant and, if properly identified, will be admitted.

**Exhibits 9, 10 and 11 – Disciplinary Report and Unusual Occurrence Reports against Plaintiff Raymond Fobbs: Granted.** Defendant points to no exception to the hearsay rule that might make these admissible. *See Jackson v. Barrere*, No. CIV.A. 13-124-JJB, 2014 WL 1118124, at *2-3 (M.D. La. Mar. 20, 2014); *Johnson v. Cain*, No. CIV.A. 09-0454-BAJ, 2011 WL 2437608, at *2 (M.D. La. June 17, 2011).

**Exhibits 18 – PPCT Resistance Control Continuum: Denied.** The document is relevant and, assuming that this document is identified and a proper has been foundation laid, it will be admitted.

**Exhibit 19 – Regulation No. B-05-001: Deferred to time of trial.** Defendants state that this exhibit contains "the definitions of the disciplinary infractions plaintiff was written up for." (Doc. 134, p. 4). Depending on the purpose for which this document is offered into evidence and what additional information the document might contain, the Court may or may not allow this document into evidence. *See* Court's ruling regarding Exhibits 9, 10, and 11.

**Cassandra Temple: Deferred to time of trial.** Depending on what parts of her investigation about which she is attempting to testify, her testimony may or may not be allowed.[1]

**LaToya Davis: Deferred to time of trial.** Given the description of expected testimony given by counsel for Defendants, the Court instructs counsel to question the witness outside the presence of the jury in order for the Court to rule on the admissibility of this testimony.

**Jeffrey Franklin: Deferred to time of trial.** Franklin may be allowed to testify as to his personal observations, assuming they are relevant. The Court cannot make that determination based on the information before it.

---

[1] The Court notes that, while Plaintiff attempts to exclude the testimony of this witness "who only has hearsay to offer [and] is a needless consumption of time…", (Doc. 132, p.3), this same individual is a Plaintiff will-call witness who Plaintiff defends from Defendants' Motion in Limine. (Doc. 165, p.6). The Defendants take the same inexplicable and contradictory position with respect to this witness, defending her from Plaintiff's Motion in Limine (Doc. 171, p. 5) and, at the same time, moving to exclude her in their own Motion in Limine. (Doc. 151-1, p. 7).

**IV.** Defendants' Motion in Limine (Doc. 151)

Defendants seek to exclude certain of Plaintiff's evidence. The Court will take these up in the order in which they are presented in Defendants' motion.

   A. **Any and all evidence that Dr. Tobe Momah was deliberately indifferent to Mr. Fobbs' serious medical needs on August 21, 2011: Granted.** Dr. Momah was dismissed on Defendants' Motion for Summary Judgment (Rec. Docs. 91 and 92). To the extent that Dr. Momah's actions and inactions may be relevant to some other issue properly before the Court, the Court will rule on those issues as they arise.

   B. **Any and evidence that Plaintiff was exposed to 188 grams of Chemical Agent by 3 different cans as asserted by Plaintiff's counsel in opposition to Defendants' Motion for Summary Judgment: Denied.** The amount of chemical with which Plaintiff was sprayed, the duration of the spraying and the facts and circumstances surrounding same, is an issue in this case, and evidence addressing this issue will be admitted.

   C. **Any and all evidence that suggests LSP's document retention policy was violated and/or that Defendants had any personal involvement with pictures that were taken of Plaintiff and John Sanders at the Infirmary on August 21, 2011 being removed from the camera memory card: Denied.** The loss of relevant evidence which is normally kept in the course of an investigation and litigation is subject to multiple interpretations, and the jury will be allowed to hear the evidence surrounding this issue and draw from it whatever reasonable inferences that it may draw.

   D. **Any and all information related to Plaintiff's counsel's allegations that Defendants Sanders and Davis may have been involved in multiple beatings of**

**other offenders: Deferred to time of trial.** The Court is unable, on the record before it, to determine the relevance and admissibility of the evidence in question. In the event that counsel for Plaintiff intends to introduce this evidence for any purpose, she is instructed to notify the Court and opposing counsel outside the presence of the jury so that the Court can hear and rule on the admissibility of the evidence outside the presence of the jury. To the extent that this involves impeachment evidence, the Court, in its discretion, may view the proposed evidence *in camera*.

E. **Any and all allegations and evidence concerning disciplinary action taken against Dr. Jonathan Roundtree by the Louisiana State Medical Examiners: Granted.** Any probative value of the action taken against Dr. Roundtree in 1993 is outweighed by its prejudicial effect.

F. **Plaintiff's will call witnesses, Cassandra Temple and Michael Thomas, should be prohibited from testifying about an alleged investigation: Deferred until the time of trial.** Plaintiff suggests in her opposition (Doc. 165, p. 6) that these witnesses may have evidence that would impeach the testimony of defendants Davis and Sanders and/or evidence relative to "the credibility of documentary evidence being offered by the Defendants," and/or evidence "these officers have altered, created or 'lost' evidence in other beating cases…" (*Id*.). The Court is unable, on the record before it, to determine the relevance and admissibility of the evidence in question. In the event that counsel for Plaintiff intends to introduce this evidence for any purpose, she is instructed to notify the Court and opposing counsel outside the presence of the jury so that the Court can hear and rule on the admissibility of the evidence outside the

presence of the jury. The Court, in its discretion, may view the proposed evidence *in camera*.

G. **Plaintiff's medical records summary should be deemed inadmissible: Granted in part and denied in part.** FRE Evidence 1006 states "The proponent may use a summary, chart or calculation to prove the content of voluminous writings… that cannot be conveniently examined in court…." "[C]ourts must be scrupulous in assuring that the summary accurately portrays the underlying material."
2 McCormick On Evid. § 241 (7th ed.) (citing *United States. v. Taylor*, 201 F.3d 311, 315 (5th Cir. 2000) ("A necessary precondition to the admission of summary charts is that they accurately reflect the underlying records or testimony, particularly when they are based, in part, on the [proponent's] factual assumptions.")). Although summaries may present only one party's side of the case, summaries should not contain inferences and assumptions that are not fully supported by evidence in the record and the underlying document from which the summary is drawn. *Id.* (citing, *inter alia*, *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159-60 (11th Cir. 2004) ("…because summaries are elevated under Rule 1006, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes.")).

Defendants complain, among other things, that the summary for the day of the incident in question omits the doctor's finding of "no significant injury" and that "[t]he document is misleading under Rule 403 in that it does not provide a full description of the medical treatment/diagnoses Mr. Fobbs received on the particular

days listed." (Doc. 151-1, p. 7). Defendants also point to the omission of certain dates where Plaintiff was treated for his toe. (*Id*.)

The Court finds that the omission of "no significant injury" is potentially misleading and instructs Plaintiff that if he desires to use the summary, the entry should be amended to add that part of the entry. However, Plaintiff is not required to include the entirety on the entries for the dates chosen. If this were required, it would not be a summary.

Defendants certainly have the right to point out to the jury, through its medical experts or in argument, that the summary fails to mention items Defendants think important. Further, as a precautionary matter, the Court will advise the jury at the time of the introduction of this exhibit, this summary offered by the Plaintiff is only that and to be used as an aid in understanding the evidence and that the full medical chart will be in evidence for the jury to consult. With these qualifications, the Summary will be allowed into evidence pursuant to Fed. R. Evid. 1006.

I.  Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude Certain Opinions of Dr. Hines (Doc. 122) is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion in Limine to Exclude Opinion to Be Offered by Dr. Roundtree (Doc. 123) is **DENIED**;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion in Limine to Exclude Defense Exhibits and Witnesses (Doc. 132) is **GRANTED IN PART** and **DENIED IN PART**; and

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Doc. 151) is **GRANTED IN PART** and **DENIED IN PART**.

Signed in Baton Rouge, Louisiana, on June 12, 2015.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**